ANGLE, APPELLANT, *v.* CHILDREN'S SERVICES DIV., HOLMES CO. WELFARE DEPT., ET AL., APPELLEES.

[Cite as Angle v. Children's Services Div. (1980), 63 Ohio St. 2d 227.]

(No. 79-1130—Decided July 23, 1980.)

*Mr. Edward Emmett O'Farrell,* for appellant.

*Mr. Robert P. Beck,* prosecuting attorney, for appellees Welfare Dept., Gallion and Mullet.

*Messrs. Tone, Maddrell, Eastman & Grubbe* and *Mr. Barry W. Vermeeren,* for appellees John and Mary Doe.

HOFSTETTER, J.   The basic issue presented by appellant is whether a parent who has entered into an agreement surrendering her child into the permanent custody of an agency of this state as authorized by R. C. 5103.15, where such agreement is voluntarily made, is bound by such agreement prior to approval thereof by the Juvenile Court as required by R. C.

5153.16(B), so as to make it impossible for the parent to withdraw her consent to the agreement.

Additional facts, as they developed at the hearing on the application for a writ, reveal that the appellant, who had voluntarily entered into an agreement of surrender on October 16, 1978, decided on October 23, 1978 ( prior to court approval thereof ), that she wanted to keep her child and so informed the agency. Either on that same date, October 23, 1978, or on the following day, the agency left the Permanent Surrender form with the court for its consent.

The trial court, in its opinion denying the writ, stated: "On October 24, 1978, the Permanent Surrender of Child was presented to***[the] Judge of the Juvenile Court of Holmes County, Ohio, for his consent, and the form appearing to be in proper form, the same was signed by him."

Before proceeding, reference to the language of certain statutes, in pertinent part, is necessary.

R. C. 5153.01:

"(B) 'County department of welfare' means a county department of welfare which has assumed the administration of child welfare." ·

R. C. 5153.16:

"(B)***provided the permanent custody of a child shall not be transferred by a parent to the board or county department without the consent of the juvenile court."

R. C. 2151.011:

"(B) As used in sections 2151.01 to 2151.99, inclusive, of the Revised Code:
"***

"(12) 'Permanent custody' means a legal status created by the court which vests in the *county department of welfare* which has assumed the *administration of child welfare,* county welfare board, or certified organization, all parental rights, duties, and obligations, including the right to consent to adoption, and divests the natural parents***of any and all parental rights, privileges, and obligations, including all residual rights and obligations." (Emphasis added.)

Admittedly, the above definition of permanent custody, by the terms of the statute, limits the definition to its usage in R. C. Chapter 2151. Nevertheless, where the functions per-

formed by the county welfare department pursuant to the definition in R. C. 5153.01 are those authorized to be performed in the R. C. 2151.011 definition of permanent custody, we conclude that the term "permanent custody" referred to in R. C. 2151.011 must be given the same definition when used in R. C. 5153.16(B).

The answer to the basic issue raised was rather clearly stated, at page 191, of *In re Miller* (1980), 61 Ohio St. 2d 184, as follows:

"A county children's services board is authorized by R. C. 5153.16(B) to enter into permanent surrender agreements with parents, guardians and legal custodians. The statute clearly makes legal transfer of permanent custody to such a public body contingent upon consent to the transfer by the Juvenile Court. However, a proceeding to procure the court's consent is not in the nature of an adversary proceeding. See *In re Surrender Anne K.* (1972), 31 Ohio Misc. 218. It is the Juvenile Court's function in consenting to a permanent surrender to insure that the surrender is made by the parent voluntarily, with full knowledge of the legal import of the relinquishment of parental rights accomplished thereby; and to insure that the child welfare agency does not enter into improvident contracts."

In the instant cause, the record contains a judgment entry of surrender referring to the date of October 24, 1978, signed by the judge and numbered "1" in the pagination of the record from the Court of Common Pleas, Juvenile Division. That entry, however, was never date stamped to reveal when journalization occurred. All other original papers, opinion, and final judgment in the habeas corpus proceedings bear the stamp of the Juvenile Court showing when the items were received for filing.

In our opinion, to the extent that there can be no effective agreement relating to the transfer by a parent to the board of the permanent custody of a child without the consent of the Juvenile Court, pursuant to statute, there is, in effect, no agreement, but merely a proposed agreement, until court approval is obtained. (How can it be otherwise where disapproval by the court would be tantamount to nonexistence of the agreement?) Thus, in answer to the basic issue presented,

unless and until a proposed agreement meets the approval of the Juvenile Court, no agreement as to permanent custody has been reached consistent with R. C. 5153.16(B), and the proposed agreement is not only revocable by the parent prior to consent of the Juvenile Court, but this revocation operates to dissolve the offer to surrender and the public agency's continued retention of the child and refusal to return it to the natural parent is illegal and gives rise to an action in habeas corpus.

The remaining issues raised by appellant as constitutional questions are made moot by the procedural approach statutorily contemplated under R. C. 5153.16(B) as set forth herein.

For the reasons indicated, the writ of habeas corpus should have been allowed, and the appellant is entitled to custody of her child.

Accordingly, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Juvenile Court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY and HOLMES, JJ., concur.

P. BROWN, J., concurs in paragraphs one and two of the syllabus and in the judgment.

HOFSTETTER, J., of the Eleventh Appellate District, sitting for LOCHER, J.