IN RE WILLIAMS, A MINOR.

(No. C-810875—Decided
September 8, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. James W. Harper,* for appellee Hamilton Cty. Welfare Dept.

*Mr. Michael O'Hara* and *Legal Aid Society of Cincinnati,* for appellant Glenna Williams.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Appellant, Glenna Williams, brings the instant appeal from an order finding her daughter to be a dependent child within the meaning of R.C. 2151.04. She also appeals from an order awarding permanent custody of her daughter to the Hamilton County Welfare Department (hereinafter "HCWD") and terminating parental rights pursuant to R.C. 2151.353.

Appellant's daughter was placed in the temporary custody of the HCWD by emergency order on April 25, 1980 upon the probable cause finding that the child was a dependent or neglected child. On August 27, 1980, said child was committed to the temporary custody of the HCWD. On October 15, 1980, appellant executed and delivered to the HCWD a document styled "Permanent Surrender of Child" in which she relinquished permanent guardianship of said child. Appellant notified the HCWD of her decision to rescind this surrender on or about November 14, 1980. The surrender, on that date, had not yet been approved by the court below.

The court below, after conducting an evidentiary hearing, found appellant's daughter to be a dependent child and continued the case for disposition. This entry is dated June 5, 1981. After another hearing, the court below, by entry of September 24, 1981, committed said child to the permanent custody of the HCWD.

Appellant brings seven assignments of error on this appeal. We will address these assignments in the order which seems to us to be most logical.

Appellant's third assignment of error is as follows:

"The trial court erred in adjudicating Cleo Williams dependent and in permanently committing her to HCWD on the basis of a permanent surrender document which had been revoked."

We find this assignment to be well-taken.

An agreement by a parent with the welfare department for permanent surrender of a child prior to consent of the juvenile court is not only revocable by the parent prior to consent of the juvenile court, but such revocation also operates to dissolve the offer to surrender. *Angle* v. *Children's Services Div.* (1980), 63 Ohio St. 2d 227 [17 O.O.3d 140]. It is undisputed that the appellant's desire to revoke the permanent surrender executed in the cause *sub judice* was manifested before the surrender was approved by the court below. It is evident from the record that the court below definitely considered the executed surrender document a factor to be used in deciding both the adjudication and the disposition being appealed. This reliance was erroneous.

In a hearing conducted in which the welfare department seeks to have a child adjudged neglected or dependent, the welfare department has the burden to prove by clear and convincing evidence that the child is presently neglected or dependent. R.C. 2151.35. The same burden is imposed on the welfare department in proceedings to remand a child to its permanent custody. R.C. 2151.414. Given the nature of this charge, we are loath to view an error such as the one before us as harmless.

"The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary

custody of their child to the State. Even when blood relationships are strained, parents retain a vital interest in preventing the irretrievable destruction of their family life. If anything, persons faced with forced dissolution of their parental rights have a more critical need for procedural protections than do those resisting state intervention into ongoing family affairs. When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures." *Santosky* v. *Kramer* (1982), 455 U.S. 745, 753-754.

This assignment of error is sustained.

Appellant's first, second, fourth and fifth assignments of error address the denial of appellant's motion to dismiss the petition for permanent custody, the failure of the HCWD to adduce clear and convincing evidence in support of either entry being appealed and the exclusion of certain evidence during the hearings below. These allegations of error are all subsumed in or mooted by our disposition of the third assignment of error. Thus, we do not address them individually on their merits.

Appellant's sixth assignment of error is that both R.C. 2151.04, defining "dependent child," and R.C. 2151.353, detailing the various dispositions of children adjudged neglected or dependent, are unconstitutionally vague, both facially and as applied.

We have previously held that, limited by case law and the statutory framework of R.C. Chapter 2151, R.C. 2151.04 is neither unconstitutionally broad nor vague. *In re Brown* (Nov. 1, 1978), Hamilton App. No. C-77730, unreported. Appellant has failed to demonstrate to our satisfaction that this holding was incorrect. Appellant has also failed to overcome the strong presumption of constitutionality attending R.C. 2151.353. This is a narrowly drawn statute, and is also to be interpreted in light of applicable case law. This assignment of error is overruled.

Appellant's seventh and final assignment of error is that the court below erred in applying the pre-1980 amendment version of R.C. 2151.353 to the instant cause. Since our disposition of the third assignment of error mandates, *inter alia,* a reversal of the permanent custody proceedings, we need only address this assignment to the extent that we note appellant's contention should be brought to the attention of the court below on remand; the record does not manifest a contemporaneous objection having been made at the initial hearing.

The assignments of error having been ruled upon, it is the order of this court that the decisions appealed from be, and hereby are, reversed and the cause remanded for further proceedings not inconsistent with this decision.

*Judgments reversed and cause remanded.*

PALMER, P.J., DOAN and KLUSMEIER, JJ., concur.