IN RE BARZAK: DAVIS ET AL., APPELLANTS, *v.* TRUMBULL COUNTY CHILDREN SERVICES BOARD, APPELLEE.

(No. 3456—Decided June 24, 1985.)

*David Hazelkorn,* for appellants.
*Craig H. Neuman* and *William R. Biviano,* for appellee.

DAHLING, P.J. This is an appeal from a judgment of the Court of Common Pleas, Juvenile Division, Trumbull County, in which the court found the minor child, Veta Barzak, to be a dependent child. The appellants are the parents of the minor child.

The appellee, Trumbull County Children Services Board ("Children Services"), received a suspected child abuse complaint concerning Veta Barzak. Appellee sent caseworker staff to the Bar-

zak residence to investigate the complaint by speaking with the parents and the minor child. Appellants denied the caseworkers the opportunity to see or interview the child and refused to discuss the matter with them. Appellee sought the assistance of law enforcement officers, but they were still unable to make the investigation.

Later that day, June 18, 1984, appellant Edward Davis, Jr. had a brief discussion with a caseworker at Children Services. During the course of the discussion, Davis exercised his Fifth Amendment right to remain silent and left appellee's office.

The appellee agency filed a complaint in the Juvenile Division of Trumbull County Court of Common Pleas which alleged that Veta Barzak was a dependent child pursuant to R.C. 2151.04(C). The complaint requested an emergency *ex parte* hearing and the issuance of temporary orders pursuant to Juv. R. 13. Juvenile Judge Thomas Norton issued an *ex parte* order which provided:

"(1) The custody of Veta Barzak is placed with the Trumbull County Children Services Board.

"(2) The Trumbull County Children Services Board and the Warren Police Department shall make an investigation of the report of child abuse of Veta Barzak.

"(3) The child may be left in the possession of her parents, or the child may be removed to the shelter placement of the Trumbull County Children Services Board as is necessary to protect the child's health and welfare.

"(4) The parents, Edward and Deborah Barzak [*sic*], shall allow the Trumbull County Children Services Board to interview and examine Veta Barzak. If requested by the Trumbull County Children Services Board and the Warren Police Department, the parents shall immediately place the physical possession of Veta Barzak with the Trumbull County Children Services Board for purposes of shelter placement.

"(5) Edward and Deborah Davis are hereby restrained from interfering with the investigation of the Trumbull County Children Services Board in any manner whatsoever."

The complaint stated as follows:

"The undersigned, Craig H. Neuman, J.D., Executive Director, Trumbull County Children Services Board, says that the the Board has knowledge of said certain child____, to wit:

"Veta Barzak born 3/30/75 who appears to be a dependent child____, in that the Children Services Board has received a report of suspected child abuse pursuant to ORC 2151.421 which states that this child has been physically abused. The parents, Edward and Deborah Davis, have not permitted the Children Services Board to see or interview the child. The parents are preventing the Children Services Board from conducting the investigation of this report which is required by Ohio law. The child's circumstances cannot be determined, and this child is being denied the protection which the state affords to children in this circumstance, through careful investigation of the complaint and appropriate social welfare agency and juvenile court action.

"Therefore, the Children Services Board alleges that Veta Barzak is a dependent child pursuant to ORC 2151.04(C) in that her condition is such so as to warrant the state to assume her custody.

"The Children Services Board requests the court to issue sufficient temporary orders in this case pursuant to Juvenile Rule 13 to assure the safety and well-being of this child."

An amendment to the complaint stated:

"(1) Children Services restates the

original complaint of June 21, 1984, as fully as if written herein;

"(2) The parents, Edward and Deborah Davis, reside at 2866 Red Fox Run, Warren, OH. 44485;

"(3) Children Services has investigated three previous reports of suspected child abuse or neglect concerning the subject child, Veta Barzak, and during those investigations this child was found to have exhibited contusions or lacerations, or both.

"For the reasons stated in the original complaint and this amended complaint, the Children Services Board alleges that Veta Barzak is a dependent child, and renews its prayer for temporary orders pursuant to Juvenile Rule 13 which are necessary to assure the safety and well-being of this child."

At the hearing, under Juv. R. 13(E), appellee called its intake supervisor, Phyllis Johnson, who testified to the appellee's efforts to complete this child abuse investigation. She also testified that the appellee agency had prior complaints and investigations of suspected child abuse concerning Veta Barzak. Supervisor Phyllis Johnson had little direct knowledge of the case and she testified to what she had heard from others and read in the file.

The hearing was recessed and an agreement was reached between counsel in conference with the trial judge. There was an agreement that the minor child would be medically examined with a report to the court, and that the trial judge would review the entire record of the appellee agency. Subsequently, appellants refused to have the medical examination for the child and the hearing resumed.

Appellants presented one witness, Murray Post, general manager of Jamestown Village where appellants had an apartment. He testified that he saw the child approximately ten times in the last year and saw no signs of neglect or abuse and no bumps, bruises or lacerations.

At the end of the hearings, Judge Norton ruled that Veta Barzak was dependent, remanded custody to her parents, and ordered x-rays and a physical examination.

Appellants now appeal that order.

### Assignment of Error No. I

"I. The complaint * * * shall * * * state in ordinary and precise language the essential facts which bring the proceeding within the jurisdiction of the court."

This assignment of error is without merit. The complaint alleged that Veta Barzak was a dependent child pursuant to R.C. 2151.04(C). While it is true that a complaint which merely parrots the definitional statute concerning dependency is deficient per *In re Hunt* (1976), 46 Ohio St. 2d 378 [75 O.O.2d 450], there was an amended complaint which was filed. The complaint, as amended, stated the following facts:

(1) A report of suspected child abuse had been received by appellee agency.

(2) The parents had refused to let caseworkers see or interview the child.

(3) The parental behavior prevented the child abuse investigation required by R.C. 2151.421.

(4) There had been three prior child abuse investigations concerning Veta Barzak, and during those investigations, she was found to have contusions or lacerations, or both.

The required facts supporting the allegations of dependency were sufficiently detailed to provide adequate notice to the parents. The complaint complied with the general form requirements of Juv. R. 10 and was sufficient to bring the matter within the jurisdiction of the juvenile court.

### Assignment of Error No. II

"II. R.C. 2151.04(C) is unconstitutionally vague."

This assignment of error is without

merit. R.C. 2151.04(C) is not unconstitutionally vague.

The Sixth Appellate District of Ohio, in *In re Forille* (Feb. 12, 1982), Lucas App. No. L-81-164, unreported, held:

"We find neither R.C. 2151.03(B) nor R.C. 2151.04(C) to be unconstitutionally void for vagueness. * * *"

The First Appellate District of Ohio, in *In re Brown* (Nov. 1, 1978), Hamilton App. No. C-77730, unreported, held:

"In sum, the decisions of Ohio courts have limited any statutory overbreadth or vagueness so as to carefully protect the parental right to custody * * *. [T]hus limited by the statutory framework and by case law, R.C. 2151.04 is neither unconstitutionally broad nor vague."

The statute was also upheld in *In re Williams* (1982), 7 Ohio App. 3d 324.

### Assignment of Error No. III

"III. It is reversible error for a Juvenile Court to fail to appoint a guardian ad litem for a child in a dependency case."

This assignment of error is without merit.

Ohio statutory law requires that a guardian ad litem be appointed in neglect and abuse proceedings. However, the appointment of a guardian ad litem is not required in dependency proceedings pursuant to R.C. 2151.281.

Further, a review of the transcript reveals that there is no record of any objection that the juvenile court failed to appoint a guardian ad litem for the child.

"An objection that might have been taken to evidence on the trial but which was not taken will be considered as waived, and will not be noticed on review. * * *" (Footnote omitted.) See 4 Ohio Jurisprudence 3d (1978) 322, 323, Appellate Review, Section 152.

### Assignment of Error No. IV

"IV. A court can only consider evidence which is competent, relevant, and admissible. Hearsay is not admissible. Therefore, it was error to allow the presentation of hearsay testimony."

This assignment of error is with merit.

Phyllis Johnson testified that she was the intake supervisor at the agency. She testified that the agency received a complaint about Veta Barzak and that she "pulled the Barzak file from agency records and reviewed the prior history."

As supervisor of intake services, Phyllis Johnson testified as to how she directed the investigation. However, at the trial the court allowed hearsay testimony over the continuing objections of counsel for appellants.

The record indicates that Phyllis Johnson did not speak to the person who made the allegation of abuse. She did not make the home visits or speak to the parents within the last year or observe the child.

Her testimony was based on what she was told by others or read in the file. She testified:

"A. I will not give you any information concerning referent except for what she said concerning the family.

"MR. HAZELKORN [attorney for appellants]: Your Honor—

"THE COURT: The question can be answered by a yes or a no.

"A. No.

"Q. Let me repeat it. Does Children Services have an address for this caller?

"A. No.

"Q. Does Children Services have a telephone number for this caller?

"A. Yes.

"Q. Does Children Services have a name for this caller?

"A. Yes.

"Q. Have you ever spoken to this caller?

"A. No, I have not.

"Q. Never?

"A. No."

Appellee argues that Juv. R. 32(A)(3) and 32(B) specifically allow the

introduction of social history into evidence whenever such a report might clarify a material allegation in the complaint.

However, in approving the admission of social history information, the Ohio Fourth Appellate District has stated:

"* * * We caution * * * that while the reports may be used to clarify allegations in the complaint, they may not be used as *proof or evidence of those allegations. * * *"* (Emphasis *sic.*) *In re Springer* (Feb. 17, 1983), Lawrence App. No. 1594, unreported.

Admission of the hearsay evidence was contrary to Evid. R. 801 *et seq.* Appellee agency could have presented the witnesses who actually made the home visits, made the allegations of abuse, or observed the child. This assignment of error is with merit.

Assignment of Error No. V

"V. Complete denial of access by the parents' attorney to Children Services' files was error when those files were relevant and needed for preparation and prosecution of the defense."

This assignment of error is with merit. In the course of the proceedings, appellants filed a praecipe for a subpoena duces tecum for the appellee's records. Appellee made an oral motion to quash contending that under R.C. 5153.17 and Section 205.50, Title 45, C.F.R. (1984), that the records in question were privileged and confidential. The court granted appellee's motion and quashed the subpoena.

While recognizing the sensitive nature of child abuse reports and investigations, counsel for the appellants should have had reasonable access to the files in order to use the parts which were relevant to the issues being presented to the court.

R.C. 5153.17 states:

"The county children services board or county department of welfare shall prepare and keep written records of investigations of families, children, and foster homes, and of the care, training, and treatment afforded children, and shall prepare and keep such other records as are required by the department of public welfare. Such records shall be confidential, but shall be open to inspection by the board or department of public welfare, the director of the county department of welfare, and by other persons, upon the written permission of the executive secretary."

The testimony of Phyllis Johnson was not subject to a full and complete cross-examination without access to the records. It appears that the legislature never intended to mandate absolute confidentiality or a total bar on disclosure. The statute states that "[s]uch records * * * shall be open to inspection * * * by other persons, upon the written permission of the executive secretary."

The failure to allow agency records to be produced as evidence affected appellants' right to a fair trial. An agency of the state may not seize a person's child and then be the sole judge at how much of the evidence in respect to the agency's conduct it will refuse to divulge. See *Chandler* v. *State* (1962), 230 Ore. 452, 457, 370 P. 2d 626, 629; *Carr* v. *Monroe Mfg. Co.* (C.A. 5, 1970), 431 F. 2d 384.

"Making even more compelling the need for judicial evaluation of the availability of the privilege is the fact that this is * * * [an action brought by] the very government agency asserting the privilege. In such cases there is a special danger in the government official having the power to define the scope of his own privilege, free of supervision by the courts. * * *"* *Carr* v. *Monroe Mfg. Co., supra,* at 389.

In the case at bar, the failure to allow agency records to be produced as evidence affected the appellants' right to a fair trial.

It can be argued that confidentiality must be guaranteed in order to assure either that private citizens will readily

report child abuse or neglect incidents or that professional personnel will speak or write freely about the case. But such speculative gains from assuring anonymity, particularly considered against the substantial likelihood that anonymity often will merely mask spitefulness or incompetence, are clearly outweighed by the interest in full examination of the bases of any judgment removing a child from his parents or otherwise significantly intervening in his family. See, also, *Sims* v. *State Dept. of Public Welfare* (S.D. Tex. 1977), 438 F. Supp. 1179, 1191, reversed on other grounds *sub nom. Moore* v. *Sims* (1979), 442 U.S. 415.

In the alternative, the court could have sustained appellants' objection to questions regarding the confidential matters. However, the court refused to overrule or to sustain the objection.

The scenario was as follows:

"THE COURT: The motion to quash the subpoena is sustained. Proceed, counsel.

"MR. HAZELKORN [attorney for appellants]: What about my motion to restrict testimony on this subject?

"THE COURT: Proceed with your questioning, counsel.

"MR. BIVIANO [attorney for appellee]: Are you overruling his motion to restrict, your Honor?

"THE COURT: I told him to proceed with his questioning."

The fifth assignment of error is well-taken and is sustained.

### Assignment of Error No. VI

"VI. The court should have dismissed the case after Children Services completed presentation of its evidence. Upon the facts and the law CSB had shown no right to relief."

This assignment of error is essentially a restatement of the fourth assignment of error which claimed that the case of appellee agency was exclusively based upon hearsay. This assignment of error is with merit and will be sustained.

Appellee contends that the testimony of intake supervisor Phyllis Johnson established the requisite facts to support the child abuse investigation. However, her testimony was restricted to inadmissible hearsay.

This assignment of error is with merit.

### Assignment of Error No. VII

"VII. The finding of dependency was not sustained by the weight of the evidence."

In the case of *In re Bibb* (1980), 70 Ohio App. 2d 117, 120 [24 O.O.3d 159], the court stated:

"* * * [A] finding of dependency under R.C. 2151.04 must be grounded on whether the children are receiving proper care and support. The focus is on the condition of the children, not the fault of the parents. A definition of 'proper parental care' is found in R.C. 2151.05, which states that a child is without proper parental care if the home is filthy and unsanitary, or he does not have necessary support, medical attention and education or discipline. * * *"

The trial court weighed the evidence and found that Veta Barzak was a dependent child; however, almost all the evidence proffered by appellee was inadmissible hearsay.

This assignment of error is with merit.

In conclusion, the judgment is reversed and final judgment is entered for appellants.

*Judgment reversed.*

FORD, J., concurs.

COOK, J., concurs in judgment only.

FORD, J., concurring. I concur in the result reached by the majority; however, I do not agree with the legal conclusion of the majority that appears to adopt a *per se* examination of an agency's file in a given child abuse matter.

Whether the information contained in the confidential files of appellee, Trumbull County Children Services Board, is disclosed to opposing counsel should be a matter within the sound discretion of the trial court. The decision should not rest with the agency and/or its personnel.

I do not concur in the majority's conclusion that opposing counsel should always have access to appellee's files and reports. The knowledge that all information given to appellee will be disclosed could deter many individuals from reporting child abuse occurrences. While an individual's right to privacy must be protected, it is even more important to ensure that instances of child abuse are made known. A balancing test, applied by the trial court, would permit some or all information to remain privileged and confidential in appropriate situations while permitting disclosure in others. It should be remembered that an "open door" approach to agency file matter could well cause revelations of privacy matters wholly irrelevant to a given instance of an allegation of child abuse.

Such a case-by-case determination is made where probable cause is established on facts elicited from an undisclosed informant in search warrant situations. In such matters, whether the informant's identity is disclosed or not is an important consideration in establishing that informant's credibility and the subsequent decision as to probable cause. Each case must be individually examined to decide whether there are other factors to establish credibility or if the informant's name should be revealed. See *United States* v. *Ventresca* (1965), 380 U.S. 102; *United States* v. *Harris* (1971), 403 U.S. 573. This type of case-by-case analysis and rationale is appropriately applicable in the present appeal.

Thus, while disclosure in the present matter was appropriate, I would not apply a *per se* rationale in favor of disclosure. Rather, I would adopt a balancing test to be applied in a case-by-case determination made by the trial court.