**In re SARAH H.**

[Cite as *In re Sarah H.* (1993), 86 Ohio App.3d 455.]

Court of Appeals of Ohio,
Butler County.

No. CA92–05–083.

Decided Feb. 22, 1993.

*Lyn Alan Cunningham,* for appellant Greg H.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Kathleen D. Romans,* for appellee Butler County Children's Services Board.

*Gregory S. Beane,* for appellee Debbie H.

*Particia S. Oney,* guardian *ad litem.*

JONES, Presiding Judge.

Appellant, Greg H., appeals an order of the Butler County Court of Common Pleas, Juvenile Division, ordering him to undergo therapy as a sexual offender.

On December 12, 1990, a complaint was filed alleging that appellant's daughter, Sarah H., was an abused child. The complaint also alleged that appellant may have been responsible for the abuse. Following an adjudicatory hearing, the

juvenile court found the child to be an abused child as defined by R.C. 2151.-031(A), without making a finding as to the identity of the perpetrator. At the conclusion of a subsequent dispositional hearing, the court ordered that custody of the child remain with her mother, who was divorced from appellant in 1989, and granted appellant supervised visitation.

The child made additional allegations of abuse against appellant in October 1991 and February 1992, the latter charge appearing to have resulted from the child's disappointment over not being able to eat at the restaurant of her choice while visiting appellant. The Butler County Children's Services Board ("board") filed a motion to terminate visitation. The court conducted a hearing on the board's motion during which it received hearsay testimony from the child's mother and the child's therapist.

The court denied the board's motion to terminate visitation, but ordered appellant to receive treatment as an alleged sexual offender. It is from this entry that appellant appeals, presenting a single assignment of error which claims that:

"The trial court erred to require appellant to undergo therapy as a sex offender as a condition of his visiting his child when there was no finding that he had abused her."

Appellant argues that the juvenile court abused its discretion in ordering appellant to undergo sex offender therapy absent any finding that appellant abused his daughter. The board submits that the court need not find that appellant committed the abuse; rather, the court's order is consistent with R.C. 2151.359, which permits the juvenile court to restrain or otherwise control a parent's conduct if such is necessary to control any conduct or relationship that will either be detrimental or harmful to the child or tend to defeat the execution of a dispositional order.

Following the adjudicatory hearing, the court found the child to be an abused child but made no determination of fault or otherwise identified the perpetrator. Such a finding is proper and complies with Ohio law. *In re Pitts* (1987), 38 Ohio App.3d 1, 5, 525 N.E.2d 814, 817. The issue, however, is whether the juvenile court, in a subsequent dispositional hearing, may order a parent to undergo sex offender treatment absent a finding of fault.

In its opinion, the juvenile court could not find that "anything inappropriate occurred between the child and * * * [appellant] during the visitation in question," noting its concern with the child's proclivity to use the abuse issue to manipulate appellant and other adults involved in the case. The court went on to find, based upon hearsay testimony, that the "possibility" of abuse by appellant

was more apparent and that appellant must receive treatment as an "alleged" sexual offender.

In *In re Vickery* (Dec. 17, 1990), Butler App. No. CA89–05–076, unreported, 1990 WL 208861, this court held that a finding of abuse, predicated upon hearsay evidence admitted during a dispositional hearing, was properly part of the adjudicatory process, and that such a finding during the dispositional stage denied due process to the parent found to have committed the abuse. As noted:

"A finding in juvenile court that a father sexually abused his daughter is every bit as damaging as a criminal conviction. There is a need for an accurate determination of the truth of the allegations made. This type of finding should not be made on the basis of hearsay evidence, which is inherently unreliable." *Id.* at 8–9. See, also, *Davis v. Trumbull Cty. Children Serv. Bd.* (1985), 24 Ohio App.3d 180, 183–184, 24 OBR 270, 273–275, 493 N.E.2d 1011, 1015–1016.

Although the court herein made no finding that appellant abused the child, the court's order requiring appellant to undergo sexual offender therapy is tantamount to such. If, as the court noted, the "possibility of abuse" is now more apparent, then appropriate action should be taken to either improve the supervision of appellant's visitations or suspend them altogether. See *Vickery, supra,* at 9–10. If, in the words of the juvenile court here, the additional evidence "added credibility to the issue of the original allegations of abuse of the child by [appellant]," then perhaps appropriate charges should be filed against appellant. If appellant is forced to undergo sexual offender therapy, such should be based on an adjudication that appellant committed some abuse, an adjudication which must be made in compliance with the rules of evidence and due process to prevent appellant from being forced into a "position of being unable to defend against the allegations." *Id.* at 9.

While the juvenile court's desire to protect both the child and appellant is laudable, the order in question practically convicts appellant of sexual abuse without the benefit of a trial or adjudicatory hearing subject to the rules of evidence and other procedural protections. In so doing, the juvenile court, in an attempt to protect the child's best interest, has abused its discretion by simply punishing appellant without an appropriate finding of fault.

For these reasons, we sustain appellant's assignment of error and hereby reverse that portion of the juvenile court's order requiring appellant to attend sex offender therapy.

*Judgment reversed.*

KOEHLER, J., concurs.

WALSH, J., dissents.

WALSH, Judge, dissenting.

I dissent from the majority's conclusion that the juvenile court abused its discretion in ordering appellant to undergo treatment as a sexual offender.

In pertinent part, R.C. 2151.359 provides that:

"In any proceeding wherein a child has been adjudged delinquent, unruly, abused, neglected, or dependent, on the application of a party, or the court's own motion, the court may make an order restraining or otherwise controlling the conduct of any parent, guardian, or other custodian in the relationship of such individual to the child if the court finds that such an order is necessary to:

"(A) Control any conduct or relationship that will be detrimental or harmful to the child;

"(B) Where such conduct or relationship will tend to defeat the execution of the order of disposition made or to be made."

A fair reading of the statute reveals that when a child has been adjudicated abused, the juvenile court is permitted to devise an order that controls a parent's conduct in order to prevent harm or detriment to the child. The power of the juvenile court to impose such an order is not, and should not be, unbridled. Despite the paucity of case law interpreting the statute, it appears that an order issued under R.C. 2151.359 rests within the sound discretion of the juvenile court and will not be disturbed on appeal absent an abuse of the court's discretion. See, generally, *Carter v. Johnson* (Sept. 25, 1986), Cuyahoga App. No. 51985, unreported, 1986 WL 10853. Abuse of discretion connotes conduct on the part of the court that amounts to more than error of law or judgment; it implies an attitude that is unreasonable, arbitrary or unconscionable. *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St.3d 59, 61, 29 OBR 441, 443, 505 N.E.2d 957, 959.

In ordering appellant to receive sex offender treatment, the juvenile court wrote:

"The most significant finding of this Court at the hearing on the GAL's [guardian *ad litem*'s] motion was that the evidence (testimony of Doxey and Fisher) added credibility to the issue of the original allegations of abuse of the child by [appellant]. In that the possibility of abuse of the child by [appellant] is now more apparent, it is imperative that the supervisors remain ever vigilant, not only to prevent future abuse, but to protect [appellant] from unfounded allegations of abuse.

"It is now clear to this Court that [appellant] must receive treatment as an alleged sexual offender. The issue of abuse must be openly addressed, not only to protect the child in the future but to remove the potential of empowerment in

the hands of the child, with the eventual goal of normalizing the relationship between child and parent."

In light of the juvenile court's reasoning, it is my belief the order requiring appellant to receive treatment was not arbitrary, unreasonable or capricious. The court adjudicated the child abused. The thrust of the evidence elicited at the hearing pointed to appellant as the perpetrator. In fact, the child did not levy any allegation of abuse toward anyone other than appellant. Given these facts, the order made by the court is proper in that it will help protect the child from future abuse. See *Ward v. Royer* (July 15, 1991), Clermont App. No. CA90–09–090, unreported, 1991 WL 129797 (where there are allegations that father sexually abused his daughter, but no evidence of such abuse, it is permissible for trial court to order the father's visits to be supervised and to eliminate overnight visitation in an effort to protect the child from potential abuse). Moreover, appellant's treatment will also protect him, as he will be educated to recognize and avoid situations which have the potential to form the basis of future abuse allegations. Under these circumstances, I am of the opinion that the juvenile court's order was intended to help stabilize the relationship between the child and appellant, and was therefore in the child's best interest.

Further, as I see it, the rule of law announced by the majority adds a condition to R.C. 2151.359 which is clearly erroneous. According to the majority, a juvenile court may not order a parent of an abused child to undergo sex offender treatment unless the finding of abuse has been made as to that parent. The statute requires no such finding. All that R.C. 2151.359 demands in order for a court to make an order to control the conduct of the parent of an abused child is that the order be necessary to control conduct that is harmful or detrimental to the child. Had the General Assembly wanted to make a finding of fault a prerequisite to a R.C. 2151.359 order, it surely would have done so. For the reasons set forth above, I believe that under the facts of the instant action, the order compelling appellant to receive treatment was well within the court's power.

Accordingly, I dissent.