SHARPE, Appellee,

v.

SHARPE, Appellee; Lake County Department of Human Services, Appellant.

[Cite as *Sharpe v. Sharpe* (1993), 85 Ohio App.3d 638.]

Court of Appeals of Ohio,
Lake County.

No. 92–L–051.

Decided April 2, 1993.

*Joseph R. Ulrich,* for appellee Raymond J. Sharpe.

*Richard K. Wilcox,* for appellee Diane Sharpe.

*Steven C. LaTourette,* Lake County Prosecuting Attorney, and *Kimberley A. Mahaney,* Assistant Prosecuting Attorney, for appellant Lake County Department of Human Services.

*Cynthia A. Sasse,* guardian *ad litem.*

---

JOSEPH E. MAHONEY, Judge.

Appellant, Lake County Department of Human Services, appeals the judgment of the trial court overruling its objections to the referee's report. In the judgment, the trial court rejects appellant's request that its confidential records remain sealed and not be reviewed by the court-appointed psychologist in

determining a custody action. The court requires the psychologist's report before deciding the underlying custody dispute. In overruling appellant's objections, the trial court reasoned that greater harm would be done to the parties if the matter remained in limbo while the appellant pursued an appeal, and that it believed the general issue of confidentiality of the records of the Department of Human Services could still be tested on appeal and a final answer received.

Appellant has filed a timely appeal and now presents the following assignment of error:

"The juvenile court erred in denying appellant's motion to quash the subpoena issued by appellees, contrary to the current status of the law on confidentiality."

This appellate court has stayed the proceedings pending this appeal.

■■■ Initially, we note that this is a final appealable order. See *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877. Appellees contend that this is not a timely appeal pursuant to App.R. 4(A) because appellant seeks to appeal the denial of its motion to quash which was the subject of a judgment entry filed on December 5, 1991 and, therefore, this appeal, which was filed on March 25, 1992, is not timely.

The December 5, 1991 judgment entry references an October 11, 1991 entry wherein the trial court found appellant's motion to quash subpoena well taken in part and ordered that an attorney conference be held to determine which records should be considered for release and that those records were then to be released to the referee for an *in camera* review. The referee was to determine which records should be released to the court-appointed psychologist.

After conducting her *in camera* review, the referee filed her report on March 19, 1992, wherein she indicated that certain records had been forwarded to psychologist Sandra McPherson for her review as part of her evaluation of pending issues in the case. Thus, the records had been forwarded prior to giving appellant an opportunity to file its objections.

On that same day, appellant filed its objections to such report. On March 23, 1992, the trial court adopted the referee's report and further ordered that the psychologist review the records immediately and issue her report and recommendations and that a further hearing be scheduled immediately upon the receipt of the psychologist's report.

It is evident that, while the October 11, 1991 judgment entry addressed the appellant's motion to quash, the actual order to release the confidential records, for other than an *in camera* review by the court, was not made until March 23, 1992. Thus, the notice of appeal was timely filed on March 25, 1992.

■ On appeal, appellant now argues that its records which have been subpoenaed are confidential pursuant to R.C. 2151.421 and, therefore, the trial court erred in denying its motion to quash such subpoena. Appellant further argues that the subpoena is an abuse of discovery as it constitutes an "unreasonable and oppressive fishing expedition" and that appellant's files should be protected from speculative, uninformed discovery attempts. Finally, appellant points out that Juv.R. 40(D)(1)(2) was not followed because the confidential files were submitted to the psychologist before the objections were ruled upon.

R.C. 2151.421(H)(1), effective April 11, 1991, provides:

"*Any report made under this section is confidential.* The information provided in a report made pursuant to this section and the name of the person who made the report shall not be released for use, and shall not be used, as evidence in any civil action or proceeding brought against the person who made the report. In a criminal proceeding, the report is admissible in evidence in accordance with the Rules of Evidence and is subject to discovery in accordance with the Rules of Criminal Procedure." (Emphasis added.)

However, the confidentiality of child abuse records is not absolute. Appellant recognizes as much in its brief. Case law, as well as statutory law, establish that there are a few exceptions to strict confidentiality.

R.C. 5153.17 states:

"The county children services board or county department of human services shall prepare and keep written records of investigations of families, children, and foster homes, and of the care, training, and treatment afforded children, and shall prepare and keep such other records as are required by the department of human services. *Such records shall be confidential, but shall be open to inspection by the board or department of human services, the director of the county department of human services, and by other persons, upon the written permission of the executive. secretary.*" (Emphasis added.)

In *Davis v. Trumbull Cty. Children Serv. Bd.* (1985), 24 Ohio App.3d 180, 24 OBR 270, 493 N.E.2d 1011, the Trumbull County Children Services Board filed a dependency complaint pursuant to R.C. 2151.04(C) and sought and received emergency custody of the child. In the course of the proceedings, the parents of the child filed a subpoena *duces tecum* for the board's records. The board moved to quash the subpoena on the grounds of privilege and confidentiality. The trial court granted the motion to quash. On appeal, this appellate court reversed the trial court and held that the failure to allow the parents access to the agency records which were to be produced as evidence deprived the parents of their right to a fair trial. Citing R.C. 5153.17, this appellate court stated that "the

legislature never intended to mandate absolute confidentiality or a total bar on disclosure." *Id.* at 184, 24 OBR at 275, 493 N.E.2d at 1016.

Although the confidentiality of appellant's records is not absolute, appellant has a duty to keep its records confidential. The United States Supreme Court has applied a balancing test in determining whether a defendant is entitled to such confidential records. In *Pennsylvania v. Ritchie* (1987), 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40, the court balanced the defendant's right to a fair trial and the state's interest in protecting the confidentiality of child abuse information and concluded that the defendant was only entitled to have an in camera review by the court to determine whether the records contain evidence material to the accused's defense.

In *State ex rel. Renfro v. Cuyahoga Cty. Dept. of Human Serv.* (1990), 54 Ohio St.3d 25, 560 N.E.2d 230, the court denied a writ of mandamus to foster parents who were seeking the right to inspect the county department of human services' child abuse investigation report. The court distinguished *Davis, supra,* and held that the foster parents' right to a fair trial was not at stake, and they were not entitled to inspection of the investigation report under R.C. Chapter 1347. The court further found that the foster parents had failed to cite any authority which would require the department of human services to breach its duty of maintaining confidentiality of abuse records. *Id.,* 54 Ohio St.3d at 29–30, 560 N.E.2d at 234–235.

It is clear that the confidential records were forwarded to the psychologist without giving appellant an opportunity to file its objections and prior to the March 23, 1992 judgment wherein the trial court adopted the referee's recommendations and ordered the psychologist to review the records immediately and issue her report.

Juv.R. 40(D) provides, in relevant part:

"(2) Objections to Report. Within fourteen days of the filing of the report, a party may serve and file written objections to the referee's report. The objections shall be considered a motion. Objections shall be specific and state with particularity the grounds of objection. Upon consideration of the objections, the court may adopt, reject, or modify the report; hear additional evidence; return the report to the referee with instructions; or hear the matter itself. " * * *

"(5) When Effective. The report of a referee shall be effective and binding only when approved and entered as a matter of record by the court. The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order. The court may adopt the referee's recommendations about

appropriate conclusions of law and the appropriate resolution of any issues. However, the court shall determine whether there is any error of law or other defect on the face of the referee's report even if no party objects to an error or defect. The court shall enter its own judgment on the issues submitted for action and report by the referee.

" * * * *

"(7) Permanent and Interim Orders. The court may enter judgment on the basis of findings of fact contained in the referee's report without waiting for timely objections by the parties, but the filing of timely written objections to the referee's report shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and thereby vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of the findings of facts contained in the referee's report without waiting for or ruling on timely objections by the parties where immediate relief is justified. An interim order shall not be subject to the automatic stay caused by the filing of timely objections to the report. An interim order shall not extend more than twenty-eight days from the date of its entry unless, within that time and for good cause shown, the court extends the interim order for an additional twenty-eight days."

While the trial court may enter judgment under Juv.R. 40(D)(7) without waiting for the objections to be filed, it is well settled that the court must make an independent analysis of the referee's report and has the responsibility to critically review and verify to its own satisfaction the correctness of the report. *Normandy Place Assoc. v. Beyer* (1982), 2 Ohio St.3d 102, 2 OBR 653, 443 N.E.2d 161, paragraph two of syllabus. Furthermore, the referee's report must contain sufficient facts for the trial court to make the required independent analysis. Absent sufficient facts to make an independent analysis, the court cannot adopt the referee's recommendation. *Nolte v. Nolte* (1978), 60 Ohio App.2d 227, 14 O.O.3d 215, 396 N.E.2d 807. See, also, *Stychno v. Stychno* (May 29, 1992), Trumbull App. No. 91–T–4576, unreported, 1992 WL 276620.

The referee's report, in the instant case, does not contain sufficient factual findings from which the trial court could make an independent analysis as required under Juv.R. 40(D)(5). Further, the referee does not have the authority to forward the records to the psychologist. The referee may make such a recommendation to the trial court which can then perform an independent review and render a final decision.

The referee's release of the confidential records constitutes usurpation of judicial decision-making power and was improper.

Appellant's assignment of error is sustained, the judgment of the trial court is reversed, and the matter is remanded for a proper review of the records by the trial court to determine which records, if any, should be disclosed under R.C. 2151.421(H)(1) and 5153.17.

We note that R.C. 2151.421(H)(1) references only the "reports" which are required to be made by certain categories of persons designated in subsections (A) and (B) of that section. Thus, "reports" as used there is very limited in its scope and is not so inclusive as to encompass any report made by anyone regarding the subject child.

On the other hand, R.C. 5153.17 is very broad. It should not be an impossible task to temper the sweeping authority of the latter statute with the specifics of the former and sort the file contents accordingly.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY, P.J., and NADER, J., concur.