OPINION
This timely appeal arises from a decision of the Court of Common Pleas of Belmont County, Juvenile Division, granting Appellee's Motion for Change of Custody of his nine-year-old daughter. Appellant argues that the Belmont County Juvenile Court was not the proper venue for this case, that the trial court abused its discretion and that Appellee's objections to the Magistrate's Decision denying the motion were not specific as required by Juv.R. 40(D)(2). For the following reasons, we hold that venue was proper in Belmont County, but that the cause must be remanded for further findings by the Juvenile Court.
Andrea Adorante ("Appellant") and J.D. Wright ("Appellee") have one child, a daughter born on January 10, 1992. Appellant and Appellee have never been married. In 1992, the Belmont County Juvenile Court made a paternity determination which found that Appellee was the child's natural father.
In 1996 Appellant filed a Complaint for Support in Belmont County Juvenile Court. This case was filed as Case No. 96 JH 182. On April 8, 1996, the court granted custody of the child to Appellant as part of its decision in the support matter.
On January 13, 1998, Appellee filed a Motion for Change of Custody in Belmont County Juvenile Court under Case No. 96 JH 182. The motion alleged that a change of circumstances had occurred since the previous court order, and noted that Appellant and their daughter had moved to Washington County, Ohio. The motion alleged that domestic violence, abuse and alcohol dependency were occurring in Appellant's home.
A motion hearing was held on February 27, 1998. Appellant made an oral motion to transfer the case to Washington County. On April 2, 1998, the magistrate filed an entry in which it was determined that Appellee had filed his, "Petition [sic] for Custody" in the wrong county and ordered the case to be transferred to Washington County. The magistrate based his ruling on Juv.R. 10(A), which requires that a complaint for custody be filed in the county where the child is found or was last known to be. It is not clear why the magistrate treated Appellee's Motion for Change of Custody as a new custody matter.
On April 10, 1992, Appellee filed his objections to the magistrate's decision. Appellee did not file a memorandum or otherwise elaborate as to what his specific objections were to the magistrate's decision. A hearing was set for May 20, 1998, to review Appellee's motion.
On November 30, 1998, the Juvenile Court filed its decision as to Appellee's objections. The court held that venue was proper in Belmont County, reversing the magistrate's finding. The court went on to find that there had been a substantial change in circumstances in the custody arrangement due to violence and drinking of alcohol in the home. The court awarded custody of the child to Appellee and granted visitation rights to Appellant.
On December 17, 1998, Appellant filed this timely appeal of the November 30, 1998, entry.
Appellant's first assignment of error alleges:
 "THE JUVENILE COURT OF BELMONT COUNTY, OHIO LACKED JURISDICTION OR IN THE ALTERNATIVE DID NOT HAVE THE PROPER VENUE TO HEAR THE DEFENDANT'S MOTION FOR CHANGE OF CUSTODY."
As a preliminary matter, Appellee contends that objections to venue are waived unless asserted in a pre-answer motion or in an answer or other permissible responsive pleading, citing Civ.R. 12(H). Appellee argues that Appellant did not raise the issue of improper venue as required by rule, but rather, raised it in an oral motion at the February 27, 1998, hearing on the merits of Appellee's Motion for Change of Custody. Appellee concludes that Appellant has waived any error as to improper venue.
Appellee's argument is misplaced. Appellee is generally correct that under Civ.R. 12(H), objections to venue must be raised at the earliest possible moment or else such errors are waived. Nicholas v. Landis
(1985), 27 Ohio App.3d 107, 109. Although the instant case is governed by the juvenile rules rather than the Rules of Civil Procedure, the same principle applies. Ackerman v. Lucas County Children Services Bd. (1989),49 Ohio App.3d 14, 15. Juv.R. 11(A) provides an opportunity to raise the issue of venue in juvenile proceedings at any time, "if the residence of the child changes." Appellant did raise the issue of improper venue at the earliest moment in these proceedings in her oral motion prior to the hearing on the Motion for Change of Custody.
Appellant argues that Juv.R. 10(A) requires that a complaint for child custody falling under the jurisdiction of the juvenile court, "shall be filed in the county where the child is found or was last known to be." (Emphasis added.) Neither party disputes that Amanda was a resident of Washington County, Ohio, for a year and a half prior to the filing of Appellee's Motion for Change of Custody. Appellant concludes that Appellee's motion should have been filed in Washington County, not Belmont County.
Appellant overlooks the fact that the juvenile court retains continuing jurisdiction over orders regarding the custody and support of children.In re Young Children (1996), 76 Ohio St.3d 632, 637; Singer v. Dickinson
(1992), 63 Ohio St.3d 408, 413; In re Carroll (1997), 124 Ohio App.3d 51,55; In re Hitchcock (1996), 120 Ohio App.3d 88, 103. The continuing jurisdiction of the Juvenile Court is invoked by motion filed in the original proceeding. Juv.R. 35(A).
Appellee invoked the continuing jurisdiction of the Belmont County Juvenile Court by filing his Motion for Change of Custody in Case No. 96 JH 182. Appellee's motion cannot be construed as an original complaint and is not governed by Juv.R. 10(A), contrary to Appellant's assertions.
Appellant argues, in the alternative, that Juv.R. 11(B) requires that a juvenile proceeding commenced in a county other than the one in which the child resides, "shall be so transferred if other proceedings involving the child are pending in the juvenile court of the county of [the child's] residence." (Emphasis added). Appellant argues that there were proceedings pending in Washington County which had been transferred from Belmont County. These proceedings arose from a complaint filed by the Belmont County Department of Human Services requesting temporary transfer of custody of the child. These proceedings were transferred to Washington County on April 11, 1997.
Appellant maintains that Washington County was much better equipped to hear the instant case because of its prior dealing with the parties. Appellant asserts that the allegations in Appellee's motion for change of custody involve evidence and witnesses all located in Washington County. Appellant also contends that various custody issues had already been determined in Washington County Juvenile Court which would collaterally estop Belmont County Juvenile Court from relitigating the same issues. Again, Appellant's arguments are not well taken.
Juv.R. 11(B) applies to juvenile proceedings commenced in a county other than the county in which the child resides. Juv.R. 11(B) would have required a transfer of venue if the court found that other proceedings were pending in the county where the child resides. On September 8, 1997, the Washington County Juvenile Court terminated protective supervision of Amanda, returned custody to Appellant and dismissed the case that had been transferred from Belmont County. (2/27/98 Tr. pp. 3-4, 87-88). Because there were no other proceedings pending in another juvenile court, Juv.R. 11(B) does not apply to Appellee's Motion to Change Custody.
Juv.R. 11(A) states:
 "[i]f the child resides in a county of this state and the proceeding is commenced in a court of another county, that court, on its own motion or a motion of a party, may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory or dispositional hearing for such further proceedings as required." (Emphasis added.)
Appellee argues that such a transfer of venue is discretionary with the juvenile court. Appellee contends that, due to the extensive history between the Belmont County Juvenile Court and the parties, there was no abuse of discretion, citing In re Meyer (1994), 98 Ohio App.3d 189, 193, in support.
Juv.R. 11(A) grants a juvenile court the discretionary power to transfer venue of an action to the county where a child resides. In reMeyer (1994), 98 Ohio App.3d 189, 192; Ackerman v. Lucas Cty. ChildrenServ. Bd. (1989), 40 Ohio App.3d 14, 15. "[B]oth Juv.R. 11 and R.C. 2152.271 indicate that venue is within the discretion of the court."Meyer, supra, at 192. We review these determinations on an abuse of discretion standard. Meyer, supra, at 193. An abuse of discretion refers to more than an error of law or judgment, implying instead an attitude that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The trial court's action, "* * * must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87, quoting State v. Jenkins (1984), 15 Ohio St.3d 164,222.
The juvenile court cited as its reasons for retaining venue that: (1) Belmont County had more information about the case than Washington County, and (2) a full hearing had already been held in Belmont County, making any additional hearings in Washington County duplicative. (11/31/98 Decision, p. 2). There does not appear to be any abuse of discretion in this reasoning or conclusion of the juvenile court.
Appellant's first assignment of error is therefore without merit.
Appellant's second assignment of error asserts:
 "THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED IN TRANSFERRING CUSTODY TO THE DEFENDANT BY NOT RENDERING ITS DECISION BASED UPON THE REQUIRED STATUTORY FINDINGS. THIS DECISION WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE."
Appellant argues that a juvenile court is required to make the findings required by R.C. § 3109.04(E)(1)(a) before granting a motion for change of custody, citing Davis v. Flickinger (1997), 77 Ohio St.3d 415, in support. Appellant also argues that the trial court abused its discretion in ordering the change of custody based on facts not in the record or contradicted by the record.
Appellant further asserts that inadmissible hearsay was used as part of the court's decision. Specifically, Appellant cites the testimony of Deputy Brockmeier who stated that a friend of Appellant told him that Appellant was mistreating and hitting her daughter. (Tr. p. 14). Appellant also cites the testimony of Nina Wright who said that their daughter told her that she wanted to live with Appellee. (Tr. p. 34). Appellant made appropriate and specific objections to the testimony of both of these witnesses. The November 30, 1998, juvenile court decision made reference to both of these instances of hearsay testimony.
Appellee argues that the juvenile court made its determination based on the credibility of the witnesses and that such a determination should not be reversed on appeal, citing Trickey v. Trickey (1952), 158 Ohio St. 9, in support. Appellee also argues that the alleged hearsay testimony falls under well-established hearsay exceptions in Evid.R. 803(2) (excited utterance), 803(3) (then-existing mental state), 803(8) (records of public offices), and 801(2) (admissions by party opponents). Appellee does not address Appellant's contention that there was no finding that the change of custody was in the best interests of the child or that the harm caused by the change was outweighed by the advantages of the change.
Appellant's assignment of error on this issue has merit. We review a trial court's determination of a modification of child custody only for abuse of discretion. Davis, supra, 77 Ohio St. at 418. The finding of an error in the legal basis of the trial court decision is a reason for reversal as an abuse of discretion. Id. at 419.
The juvenile court did not make the three findings required by R.C. § 3109.04(E)(1)(a) in a change of custody proceeding. R.C. § 2141.23(F)(a) states: "The juvenile court shall exercise its jurisdiction in child custody matters in accordance with sections 3109.04 * * * of the Revised Code." R.C. § 3109.04(E)(1)(a) states:
 "(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." (Emphasis added).
The juvenile court must make three required findings according to R.C. § 3109.04(E)(1)(a), before it can modify a prior custody decree: "(1) there must be an initial threshold showing of a change in circumstances; (2) if circumstances have changed, the modification of custody must be in the children's best interest; and (3) any harm to the children from a modification of the plan must be outweighed by the advantages of such a modification." Rohrbaugh v. Rohrbaugh (Feb. 11, 2000), Mahoning App. No. 97 CA 183, unreported; see also Davis, supra, 77 Ohio St.3d at 420;Clark v. Smith (1998), 130 Ohio App.3d 648, 653; Miller v. Miller
(1996), 115 Ohio App.3d 336, 339; In re Poling (1992), 64 Ohio St.3d 211,217 in reference to former R.C. § 3109.04.
The November 30, 1998 Decision of the Belmont County Juvenile Court only made a finding of a change of circumstances. (11/30/98 Decision, p. 3). There is no mention of the child's best interest, nor any weighing or balancing of the factors listed in R.C. § 3109.04(F)(1) as to whether the harm caused by a change in environment would be outweighed by the advantages of the change.
As to Appellant's argument that inadmissible hearsay was used, her reasoning is not persuasive. It is true that hearsay evidence is not permitted in juvenile proceedings. In re Bofford (1992), 83 Ohio App.3d 869,873; In re Barzak (1985), 24 Ohio App.3d 180, 184. Even if we were to find that the alleged evidence was inadmissable hearsay, the admission of hearsay evidence in an adversarial juvenile court proceeding in which parents may lose custody of a child is not prejudicial unless it is shown that such evidence was relied on by the judge in making his decision. Inre Vickers Children (1983), 14 Ohio App.3d 201, 206. The mere mention of hearsay testimony in a decision is not proof that a trial court relied on such testimony, especially in the light of the extensive recitation of other facts in the November 18, 2000, decision supporting the finding of a change in circumstances. Thus, Appellant's argument is not persuasive.
Appellee failed to address Appellant's claim that no finding was made that the change in custody was in the best interests of the child. There is no plausible way to read such a finding in the court's decision. Therefore, this assignment of error has merit and the case is remanded to the trial court to make such further findings as required by R.C.3109.04(E)(F).
Appellant's third assignment of error asserts:
 "THE DEFENDANT'S OBJECTION TO THE MAGISTRATE'S DECISION WAS NOT SPECIFIC, AS REQUIRED BY JUVENILE RULES."
Appellant argues that Juv.R. 40(D)(2) requires that objections to a referee's report must be made with specificity. Appellant argues that Appellee filed a notice of objections on April 10, 1998, but contends that the notice did not explain what these objections were. Appellant maintains that even at the oral hearing on the objections Appellee failed to specifically state the grounds for the objections. There is no transcript of that hearing in the record.
Appellant also asserts that the trial court was without authority to reject the referee's decision and to provide a completely new determination on the issue of venue and custody, particularly in light of the fact that the court did not allow any new evidence to be presented at the objections hearing.
The filing of particular errors or objections is not a prerequisite to the trial court's finding of error in a magistrate's report. Hartt v.Munobe (1993), 67 Ohio St.3d 3, 5; Sharpe v. Sharpe (1993),85 Ohio App.3d 638, 643. "[I]t is well settled that the court must make an independent analysis of the referee's report and has the responsibility to critically review and verify to its own satisfaction the correctness of the report." Sharpe, supra, at 643. Although Appellee's objections were improperly asserted, the trial court, under Juv.R. 40(E), had the power to reject the magistrate's conclusion about the proper venue of the action and to render his own independent decision concerning custody of the child.
Appellant's third assignment of error is therefore without merit.
For the reasons stated herein, we hold that: 1) Belmont County was a proper venue to hear Appellee's Motion to Change Custody; 2) the juvenile court failed to make the required findings that a change of custody was in the best interests of the child and that the harm caused by the change was outweighed by its advantages; and 3) a trial court always has authority to independently review a magistrate's decision regardless of whether objections were properly filed. Appellant's first and third assignments of error are overruled. Appellant's second assignment of error is sustained and the November 30, 1998, decision is hereby reversed and this cause is remanded to the juvenile court for further proceedings according to law and consistent with this Court's Opinion.
 __________________ WAITE, J.
Vukovich, P.J., concurs, Donofrio, J., concurs.