JOURNAL ENTRY and OPINION
Lynette Brown Harris appeals from a judgment of the common pleas court which denied her R.C. 119.12 appeal of an administrative decision revoking her Type B child care certification by the child care provider certification department of Cuyahoga Work Training (CWT), which is a division of the Cuyahoga County Department of Job and Family Services.
On appeal, Harris argues that CWT's revocation of her certification is not supported by reliable, probative, and substantial evidence, urging that CWT based its decision solely on uncorroborated allegations of neglect from another agency, the Cuyahoga County Department of Children and Family Services (CCDCFS).
After review of the record, we have determined that the trial court abused its discretion in affirming CWT's decision because the revocation is not based on reliable, probative, and substantial evidence, and further because the court applied an erroneous standard of reliable, credible and sufficient evidence. Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
The record reveals that, on April 23, 2001, the CCDCFS's special investigation unit notified CWT, by facsimile and telephone, of substantiated evidence that Harris had subjected her natural child, L.B., to neglect and mental injury on March 21, 2001. CCDCFS further notified CWT that Harris had a prior record of neglect indicated on December 4, 1992, and neglect substantiated on April 2, 1993.
Based on this information, CWT revoked her Type B child care certification effective May 4, 2001. Harris requested an appeal review hearing, which CWT conducted on June 8, 2001. During the hearing, CWT presented two witnesses. The first witness, Colleen Sheehan, a social worker with CCDCFS, acknowledged during her testimony that she had no personal knowledge of the CCDCFS's investigations of Harris, and she could only confirm that Harris had been investigated three times resulting in three findings of neglect, but she offered no testimony concerning the circumstances surrounding these investigations. Likewise, the second witness, Mary Cummings, a child care protective certification worker with CWT, could not offer any testimony regarding the facts which gave rise to the findings of neglect.
Thereafter, on June 14, 2001, the hearing officer issued a decision rejecting the appeal. On June 20, 2001, Harris filed an appeal from that decision in common pleas court pursuant to R.C. 119.12. After briefing, the trial court issued an order denying that appeal and finding CWT's revocation of her Type B certification was supported by reliable, credible and sufficient evidence.
Harris now appeals to our court, raising four assignments of error for our review. They state:
 THE TRIAL COURT ABUSED ITS DISCRETION IN UPHOLDING THE REVOCATION OF HARRIS'S TYPE B CHILD HOME CARE CERTIFICATION. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE CHILD CARE PROVIDER CERTIFICATION DEPARTMENT'S REVOCATION OF APPELLANT'S TYPE B CERTIFICATION WAS SUPPORTED BY RELIABLE, CREDIBLE AND SUFFICIENT EVIDENCE.
 THE TRIAL COURT ABUSED ITS DISCRETION IN UPHOLDING AN ADMINISTRATIVE AGENCY'S DECISION WHEN THE RECORD FAILS TO PROVIDE RELIABLE, CREDIBLE AND SUFFICIENT EVIDENCE TO SUPPORT SUCH DECISION.
 APPELLANT WAS DENIED PROCEDURAL DUE PROCESS WHEN THE ADMINISTRATIVE AGENCY REVOKED HER CERTIFICATION IN RELIANCE SOLELY UPON A FACSIMILE TRANSMISSION, THE CONTENTS OF WHICH ARE NOT IDENTIFIED OR TESTIMONY GIVEN.
Harris argues that CWT failed to present reliable, probative, and substantial evidence that she neglected her natural child, which is the basis of the revocation of her certification. She asserts that CWT only presented CCDCFS's uncorroborated assertions of neglect, and that these allegations should have been further substantiated either by testimony from a caseworker with actual knowledge of CCDCFS's investigations or by an in camera review of CCDCFS's records.
CWT counters that CCDCFS's records are confidential pursuant to R.C.2151.421(H)(1), and further argues, in effect, that it should be allowed to accept CCDCFS's allegations of neglect at face value without further explanation or corroboration.
Therefore, the issue on appeal is whether CCDCFS's allegations of neglect, without further corroboration or explanation of the underlying facts, constitute reliable, probative, and substantial evidence to support CWT's revocation of a Type B child care certification.
R.C. 119.12, states in relevant part:
 Any party adversely affected by any order of an agency issued pursuant to an adjudication * * * revoking or suspending a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, * * *
* * *
 The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *
As the court stated in Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 589 N.E.2d 1303:
 The evidence required by R.C. 119.12 can be defined as follows: (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
The court set forth our standard of review in these types of cases in Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261, 533 N.E.2d 264, stating:
 In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion "`. . . implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" State, ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster (1986), 22 Ohio St.3d 191, 193, 22 OBR 275, 277, 489 N.E.2d 288, 290. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Rohde v. Farmer (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685.
 The fact that the court of appeals, or this court, might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgments for those of an administrative agency or a trial court absent the approved criteria for doing so.
Here, a careful review of the record before us reveals that CWT failed to present reliable, probative, and substantial evidence to support the finding that Harris had neglected her child. Rather, it merely presented testimony from a social worker and a child care worker that such findings had been made, but neither witness had personal knowledge of the facts surrounding these findings of neglect. Further, it failed to support these allegations with either CCDCFS's records or the testimony of a knowledgeable witness who could credibly testify regarding the substance of the agency's investigations. Therefore, the record does not contain facts to justify the conclusion reached by CWT or the trial court, and therefore the court's decision is not based on reliable, probative, and substantial evidence as required by statute.
While we recognize that some of CCDCFS's records may be confidential pursuant to R.C. 2151.421(H)(1), such confidentiality is not absolute. See, e.g., Sharpe v. Sharpe (1993), 85 Ohio App.3d 638, 642,620 N.E.2d 916. Rather, our review of case law indicates that an in camera inspection of such records is not only permitted, but is preferred. For example, the Third Appellate District stated in Johnson v. Johnson (1999), 134 Ohio App.3d 579; 731 N.E.2d 1144:
 * * * [A] court may conduct an in camera inspection of child abuse records or reports, and also has the inherent power to order disclosure of such records or reports where:
 (1) the records or reports are relevant to the pending action; (2) good cause for such a request has been established by the person seeking disclosure; and (3) where admission of the records or reports outweigh the confidentiality considerations set forth in R.C. 5153.17
and R.C. 2151.421(H)(1). "Good cause" is defined as that which is in the best interest of the child.
At the very least, CWT could have sought an in camera inspection of CCDCFS's records, and heard testimony from the CCDCFS's caseworkers who actually investigated Harris. Without such corroboration, the only evidence regarding Harris consists of allegations of neglect which do not constitute reliable, probative, and substantial evidence.
Finally, we note that, in its judgment entry, the trial court stated that CWT's decision was supported by reliable, credible and sufficient evidence, which is not the proper standard set forth in R.C. 119.12.
Based on the foregoing, we have concluded that the trial court abused its discretion in applying an erroneous standard and in affirming an administrative decision not supported by reliable, probative, and substantial evidence. Accordingly, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.
Judgment reversed. Matter remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.