JOHNSON, Appellee,

v.

JOHNSON, n.k.a. Armstrong; Union County Department
of Human Services, Appellant.

[Cite as *Johnson v. Johnson* (1999), 134 Ohio App.3d 579.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–98–43.

Decided March 5, 1999.

*Fred B. Johnson,* for appellee Gary R. Johnson.

*Donald R. Jillisky,* for Pamela J. Armstrong.

*R. Larry Schneider,* Union County Prosecuting Attorney, and *Rick Rodger,* Assistant Prosecuting Attorney, for appellant.

---

HADLEY, Judge.

Defendant–appellant, the Union County Department of Human Services, appeals the judgment and order of the Union County Court of Common Pleas, Domestic Relations Division, overruling appellant's motion for a protective order and to quash a subpoena.

We first note that Gary R. Johnson ("appellee") failed to file a brief. Therefore, pursuant to App.R. 18(C), we accept appellant's statement of the facts and issue as correct.

The facts of the case are as follows. On October 24, 1989, appellee and Pamela J. Johnson (n.k.a. Pamela Armstrong) filed a petition for dissolution in the Union County Court of Common Pleas, Domestic Relations Division. On December 11, 1989, a decree of dissolution was filed with the court. Pursuant to the decree, Armstrong was awarded custody of the couple's six-year-old daughter. Appellee was granted companionship rights.

On August 17, 1990, appellee filed a motion for a change of custody. Appellee was granted custody of the child on November 30, 1990. Armstrong was granted companionship rights.

On March 18, 1998, appellee filed a motion with the trial court for restriction of visitation. On April 1, 1998, appellee, pursuant to a subpoena, sought to compel Lynn Stacey of the Union County Department of Human Services to testify at a hearing and to disclose records pertaining to allegations of sexual abuse of his and Armstrong's daughter by Armstrong's boyfriend. Praecipes for subpoenas were issued for several others as well, including a Delaware County Department of Human Services caseworker.

On April 14, 1998, Armstrong filed a motion with the trial court to change the allocation of parental rights and responsibilities. In the meantime, the Delaware County Prosecutor's Office filed a motion for a protective order to prevent a Delaware County Department of Human Services caseworker from having to testify and to disclose investigation records pertaining to the child. Likewise, on April 28, 1998, a motion for a protective order and to quash a subpoena was filed by the Union County Prosecutor's Office on behalf of appellant.

On August 17, 1998, the trial court conducted an *in camera* inspection of the records of both the Union and Delaware County Department of Human Services relating to the allegations of sexual abuse, and on August 20, 1998, a hearing was held on the matter. Upon hearing the arguments of counsel, the trial court overruled appellant's motion for a protective order and to quash the subpoena. The trial court, however, granted appellant's motion for a stay of the proceedings pending the outcome of this appeal. Thereupon all records were placed under seal.

Appellant now appeals, setting forth the following sole assignment of error:

"The trial court erred in overruling the appellant's motion for a protective order and to quash the subpoena and, thus, erred in ordering the Union County Department of Human Services to disclose documents which, by statute, are confidential and are not subject to disclosure."

Appellant asserts that the trial court erred in overruling the motion for a protective order and to quash the subpoena considering that the records sought by appellee are confidential and, thus, should remain under seal. For the following reasons, we disagree.

R.C. 149.43(B) requires that public records be promptly prepared and made available for inspection at reasonable times upon request. R.C. 149.43(A)(1) defines a "public record" as "any record that is kept by any public office."

However, records that are prohibited from being released by state or federal law are excepted from public inspection. R.C. 149.43(A)(1). For example, in a civil proceeding, records and reports compiled by departments of human services and children's services boards regarding allegations of child abuse are confidential and privileged. R.C. 2151.421(H)(1); 5153.17; *State ex rel. Renfro v.*

*Cuyahoga Cty. Dept. of Human Serv.* (1990), 54 Ohio St.3d 25, 27, 560 N.E.2d 230, 232–233 (holding that a child-abuse report is not a public record and, therefore, is not subject to public inspection).

R.C. 2151.421(H)(1), provides:

*"[A] report made under this section is confidential.* The information provided in a report made pursuant to this section and the name of the person who made the report shall not be released for use, and shall not be used, as evidence in any civil action or proceeding brought against the person who made the report. In a criminal proceeding, the report is admissible in evidence in accordance with the Rules of Evidence and is subject to discovery in accordance with the Rules of Criminal Procedure." (Emphasis added.)

Thus, R.C. 2151.421(H)(1) clearly removes child-abuse or neglect-investigation reports from the mandatory disclosure provisions of R.C. 149.43(B). *State ex rel. Renfro, supra.* Departments of human services and children's services boards are required to keep records and reports of alleged child abuse or neglect confidential or they face potential criminal charges. R.C. 2151.99.

■ The confidentiality of such records and reports is, however, not absolute. Case law, as well as statutory law, has set forth a number of exceptions to the confidentiality rule outlined in R.C. 2151.421(H)(1). For example, R.C. 5153.17 states:

"The public children services agency shall prepare and keep written records of investigations of families, children, and foster homes, and of the care, training, and treatment afforded children, and shall prepare and keep such other records as are required by the department of human services. *Such records shall be confidential, but * * * shall be open to inspection by the agency, the director of the county department of human services, and by other persons, upon the written permission of the executive secretary."* (Emphasis added).

■ Therefore, pursuant to R.C. 5153.17, although the children's services agency has a duty to keep child-abuse records confidential, such confidentiality is not absolute. See, also, *Sharpe v. Sharpe* (1993), 85 Ohio App.3d 638, 620 N.E.2d 916. However, access to such records will only be granted by the executive secretary on a showing of good cause. 1991 Ohio Atty.Gen.Ops. No. 91–003. Good cause is shown "[w]hen it is in the best interests of the child or when the due process rights of other subjects of the record are implicated." *Id.*

■ Case law has also established several exceptions to the confidentiality rules set forth in R.C. 2151.421(H)(1) and R.C. 5153.17. In the criminal context, the United States Supreme Court has acknowledged that under certain circumstances, records of the children's services agency must be made available to the

trial court for an *in camera* inspection. In *Pennsylvania v. Ritchie* (1987), 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40, the United States Supreme Court held that a criminal defendant's right to a fair trial entitles the defendant to an *in camera* review by the trial court of the confidential records in order to determine whether the records contain evidence material to the accused's defense.

■ Numerous courts throughout Ohio have also acknowledged that under certain circumstances, records of the children's services agency must be made available to the trial court for an *in camera* inspection. In the criminal context, the Fifth District Court of Appeals has held that the confidentiality provision set forth in R.C. 5153.17 is not absolute, and that the proper procedure in determining the availability of such records is for the trial court to conduct an *in camera* inspection to determine the relevancy and necessity of the records and whether their admission outweighs the confidentiality provisions of R.C. 5153.17. *State v. Fuson* (Aug. 11, 1998), Knox App. No. 97 CA 000023, unreported, 1998 WL 518259; *State v. Hart* (1988), 57 Ohio App.3d 4, 566 N.E.2d 174.

■ In the context of juvenile proceedings, courts throughout Ohio have also granted reasonable access to child-abuse files. The Eleventh District Court of Appeals in *Davis v. Trumbull Cty. Children Serv. Bd.* (1985), 24 Ohio App.3d 180, 184, 24 OBR 270, 274–275, 493 N.E.2d 1011, 1015–1016, has held that when a children's services board is relying on records to gain permanent custody through a dependency action, the board must permit the parent reasonable access to the files of the agency in order to obtain information relevant to the issues before the court. In *Davis, supra,* the confidentiality provision set forth in R.C. 5153.17 was overridden by the person's fundamental right to a fair trial.

The Supreme Court of Ohio has also addressed the issue of whether to allow foster parents the right to inspect a child-abuse investigation report. *State ex rel. Renfro,* 54 Ohio St.3d 25 at 27, 560 N.E.2d 230 at 232–233. In *Renfro,* the Cuyahoga County Department of Human Services ("CCDH") removed a foster child from her foster parents' home due to suspicions of child abuse. The CCDH used a child-abuse investigation report as a basis for not returning the foster child to her foster parents. The parents sought a writ of mandamus from the Supreme Court of Ohio compelling the CCDH to make the investigation report available for inspection by the foster parents. The court, however, refused, holding that the CCDH had no duty to disclose the report.

■ The facts of the present case, however, are clearly distinguishable from the facts set forth in *Renfro, supra.* In the case *sub judice,* Armstrong has pending before the trial court a motion for a change of custody of her fourteen-year-old child.

During the proceedings of August 20, 1998, the trial court stated:

"I've got a motion here by the mother for custody of a 14–year–old girl, and we know from some of these records that there are allegations that somebody in her household may have been the perpetrator of sexual abuse, and I think it's ludicrous for the Department of Human Services to be telling the Court that we're not going to make this information available to you, and you've got to go ahead and blindly decide that motion, and then if I decide it the wrong way, and abuse later on occurs in the household, then what's the Department of Human Services going to say?"

We realize that the children's services or human services agency's primary responsibility pursuant to R.C. 5153.17 and R.C. 2151.421(H)(1) is to maintain the confidentiality of child-abuse records and reports, and we are acutely aware that the rules of confidentiality exist to protect not only the victim—the abused child—but also those who report the alleged abuse. We are also aware that the legislature has provided only limited exceptions to the confidentiality provisions set forth in R.C. 5153.17 and R.C. 2151.421(H)(1).

We are firmly convinced, however, that the importance of maintaining the confidentiality of child-abuse records in domestic relations matters may be overridden by more compelling reasons favoring disclosure, such as the great interest in protecting the general health and welfare of a child. In pursuing such an objective, we recognize the long-standing principle that courts "possess inherent power to do all things necessary to the administration of justice." *Slabinski v. Servisteel Holding Co.* (1986), 33 Ohio App.3d 345, 346, 515 N.E.2d 1021, 1023.

For the aforementioned reasons, we find that a court may conduct an *in camera* inspection of child-abuse records or reports and also has the *inherent power* to order disclosure of such records or reports where (1) the records or reports are relevant to the pending action, (2) good cause for such a request has been established by the person seeking disclosure, and (3) where admission of the records or reports outweighs the confidentiality considerations set forth in R.C. 5153.17 and R.C. 2151.421(H)(1). "Good cause" is defined as that which is in the *best interest* of the child.

Upon considering the test set forth above, we find that disclosure of the pertinent child-abuse records is permissible. For the aforementioned reasons, we remand this cause to the Union County Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment accordingly.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.