JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Lynette Brown Harris ("Harris") appeals the decision of the Cuyahoga County Common Pleas Court that found the administrative decision to revoke her child care provider certification on the basis of neglect was supported by reliable, probative, and substantial evidence. For the reasons adduced below, we reverse and remand the matter for further proceedings.
 {¶ 2} The following facts give rise to this appeal. On May 7, 2001, the Child Care Provider Certification Department of Cuyahoga Work Training ("CWT"), issued a letter notifying Harris that her Type B Child Home Care Certification was being revoked effective May 4, 2001. The reason for the revocation was that the Department of Children and Family Services' ("CCDCFS") special investigation unit had notified CWT of "substantiated evidence" of neglect and mental injury by Harris to her natural child. CCDCFS also notified CWT that Harris had a prior record of "neglect indicated" on December 4, 1992, and "neglect substantiated" on April 2, 1993.
 {¶ 3} Harris requested an appeal review hearing from the revocation. During the hearing conducted by CWT, CWT presented two witnesses, neither of whom had personal knowledge or offered testimony concerning the circumstances surrounding the facts which gave rise to the findings of neglect or the substance of the investigations. The hearing officer issued a decision rejecting the appeal, and Harris filed an appeal from that decision in the common pleas court pursuant to R.C. 119.12. Following briefing by the parties, the trial court upheld the revocation as supported by "reliable, credible and sufficient evidence." Harris appealed to this court in Child Care Provider Certification Dept. v.Harris, Cuyahoga App. No. 80669, 2002-Ohio-3795, certiorari denied,97 Ohio St.3d 1485. On the prior appeal in this case, we determined the trial court abused its discretion in affirming the decision of CWT to revoke Harris's certification because it was not based on reliable, probative, and substantial evidence, and further because the trial court applied an erroneous standard of review. Id. We stated "[a]t the very least, CWT could have sought an in camera inspection of CCDCFS's records, and heard testimony from the CCDCFS's caseworkers who actually investigated Harris. Without such corroboration, the only evidence regarding Harris consists of allegations of neglect which do not constitute reliable, probative, and substantial evidence." Id. The case was remanded to the trial court for further proceedings.
 {¶ 4} On remand, Harris filed a motion to vacate revocation and reinstate certification, and also filed a motion for allowance of attorney fees. The trial court denied the motion for allowance of attorney fees and expenses and, sua sponte, ordered CWT to produce CCDCFS's records for an in camera review. After the records were submitted, the trial court reviewed the records without the presence of counsel. Based on the in camera inspection, the trial court upheld the administrative decision to revoke Harris's certification on the basis of neglect, finding the decision was supported by reliable, probative, and substantial evidence. The trial court further ordered the CCDCFS's records to be placed under seal.
 {¶ 5} Harris has appealed the trial court's decision raising four assignments of error for our review. Assignments of error one through three provide as follows:
 {¶ 6} "1. The trial court abused its discretion in failing to reinstate Harris' Certificate."
 {¶ 7} "2. The trial court abused its discretion in finding that the Child Care Provider Certification Department's revocation of Appellant's Type B Certification was supported by reliable, probative and substantial evidence based on an in camera inspection of records not disclosed or available to Harris or her legal counsel."
 {¶ 8} "3. Appellant was denied procedural due process when the trial court conducted an in camera inspection of the Department's records, placing them under seal, without said records being disclosed or identified to Harris or her legal counsel."
 {¶ 9} The standard of review we must apply to the trial court's determination is whether the court abused its discretion. Lorain CityBd. of Ed. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257,260-261. The term "an abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} In this case, the decision of the trial court to uphold the administrative decision to revoke Harris's certificate was based upon its in camera review of the CCDCFS's records. The trial court did not allow counsel for Harris to review any records that were material to the court's determination. The court also did not hear testimony from any CCDCFS caseworkers with actual knowledge of the substance of the neglect investigations. In so doing, the court did not afford Harris any opportunity to present a defense to the evidence relied on against her.
 {¶ 11} Although the CCDCFS's records are afforded confidentiality under R.C. 5153.17 and R.C. 2151.421(H)(1), this confidentiality is not absolute. See Johnson v. Johnson (1999), 134 Ohio App.3d 579, 583; Sharpev. Sharpe (1993), 85 Ohio App.3d 638. The proper procedure for determining the availability of such records is for the trial court to conduct an in camera inspection to determine the following: 1) whether the records are necessary and relevant to the pending action; 2) whether good cause has been shown by the person seeking disclosure; and 3) whether their admission outweighs the confidentiality considerations set forth in R.C. 5153.17 and R.C. 2151.421(H)(1). Johnson,134 Ohio App.3d at 585.
 {¶ 12} In this case, the court relied on the CCDCFS's records for making its determination that the administrative decision to revoke Harris's certification on the basis of neglect was supported by reliable, probative, and substantial evidence. Therefore, they were clearly relevant to the action.
 {¶ 13} In determining whether "good cause" has been shown, the consideration is whether it is in the "best interests" of the child, or the due process rights of the accused are implicated. See Johnson,134 Ohio App.3d at 583; 1991 Ohio Atty.Gen.Ops. No. 91-003. In order to protect the due process rights of the accused, access to the CCDCFS's child neglect investigation records may be required when the records are material to the defense or fair trial considerations are at stake. SeeState v. Renfro (1990), 54 Ohio St.3d 25, 29; State v. Meadows, Scioto App. No. 99CA2651, 2001-Ohio-2510; 1991 Ohio Atty.Gen.Ops. No. 91-003. In this action, the failure of the trial court to allow counsel for Harris reasonable access to any records that were relevant to the defense or relied upon by the court, and thus material to its determination, affected Harris's right to a fair trial.
 {¶ 14} Further, the confidentiality considerations of encouraging citizens to report child abuse and neglect, and professional personnel to speak or write freely about these cases, are outweighed by Harris's due process rights that are at stake.
 {¶ 15} Based on the foregoing, we find the trial court abused its discretion in finding the administrative decision was supported by reliable, probative, and substantial evidence based upon its in camera inspection, when the court did not allow defense counsel an opportunity to review material evidence, and where no testimony from a knowledgeable witness was presented. Therefore, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.
 {¶ 16} Harris's second and third assignments of error are sustained. Based on this determination, Harris's first assignment of error is rendered moot.
 {¶ 17} Harris's fourth assignment of error provides:
 {¶ 18} "The trial court erred in denying Harris attorney fees."
 {¶ 19} The parties dispute whether Harris is entitled to attorney's fees pursuant to R.C. 119.12 and R.C. 2335.39. CCDCFS argues that Harris is not entitled to attorney's fees because she, rather than the state, initiated the lawsuit. This argument lacks merit.
 {¶ 20} In State ex rel. R.T.G., Inc. v. State, 98 Ohio St.3d 1, 13
2002-Ohio-6716, the Ohio Supreme Court held the state must pay attorney fees pursuant to R.C. 2335.39 if "(1) the state was not substantially justified in initiating the matter in controversy, (2) there are no special circumstances that make the award unjust, (3) the moving party is not the state but is a party to the legal action at issue, and (4) the moving party prevailed in the legal action."
 {¶ 21} The court further interpreted the language of the statute requiring the state initiate "the matter in controversy" stating:
"We construe this language to permit fees where the state initiateseither the conduct that gave rise to the litigation or initiates thelitigation caused by the controversy. Had the General Assembly intendedto permit fees only where the state initiates the litigation, then itcould have indicated that fees would be awarded only where the stateinitiated `litigation,' as opposed to the more general language of`matter in controversy' that was actually used.
 Furthermore, to construe this language otherwise would lead to anabsurd result in this case. Clearly the purpose of R.C. 2335.39 is toprotect citizens from unjustified state action." (Emphasis in original.)
Id. at 14.
 {¶ 22} Thus, pursuant to State ex rel R.T.G., Inc., if the state initiates the conduct which gives rise to the litigation, a prevailing party may be entitled to attorney's fees if there are no special circumstances that would make the award unjust. See Id.
 {¶ 23} Since we are remanding the matter for further proceedings, this is a matter to be determined by the trial court only in the event Harris prevails. The assigned error is therefore moot.
 {¶ 24} Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., Concurs.
 ANN DYKE, J., Concurs in Judgment only.
 SEE SEPARATE CONCURRING OPINION.