{¶ 25} I respectfully concur in judgment only. I write separately, however, to emphasize that because the issue of the contents of the CCDCFS's records was raised in the appeal of the certification decision, this matter is distinguishable from State ex rel. Renfro v. CuyahogaCty. Dept. of Human Serv. (1990), 54 Ohio St.3d 25, 560 N.E.2d 230. InRenfro, foster parents were denied a writ of mandamus to inspect the investigation report after the Department of Human Services removed a foster child from their care and recommended against recertification of their home for foster care purposes. In denying the requested relief, the Court noted, inter alia, that the right to a fair trial was not at stake.
 {¶ 26} I also write separately to express my view that the three-part analysis set forth in Johnson v. Johnson (1999),134 Ohio App.3d 579, 731 N.E.2d 1144, should be conducted, in the first instance, by the trial court in camera. Accord Pennsylvania v. Ritchie
(1987), 480 U.S. 39, 94 L.Ed.2d 40, 107 S.Ct. 989. Moreover, I believe that such in camera hearing should follow the procedures outlined inState ex rel. Dispatch Printing Co. v. Lias, No. 93-326, Supreme Court of Ohio, 68 Ohio St.3d 497; 1994-Ohio-335; 628 N.E.2d 1368.