OPINION
{¶ 1} Defendants-appellants, the Hamilton County Board of Commissioners, Hamilton County Juvenile Court, Hamilton County Department of Job and Family Services, Hamilton County Board of Mental Retardation and Developmental Disabilities, Hamilton County Mental Health Board, and Hamilton County Alcohol and Drug Services Board ("Hamilton County defendants); Hamilton Choices, LLC and Indiana Behavioral Health Choices, Inc. ("Choices"); and Discovery for Youth, appeal the decision of the Butler County Court of Common Pleas, granting the motion of plaintiffs-appellees, Karen and John Grantz, to compel discovery of Terrell Wilkins' juvenile court records. We affirm the decision of the trial court.
 {¶ 2} Terrell Wilkins was adjudicated a delinquent child by the Hamilton County Court of Common Pleas, Juvenile Division. In the disposition of the matter, Wilkins was placed in an independent living facility. Hamilton County had contracted with Hamilton Choices for the delivery and management of social services, including juvenile placements in independent living facilities. Consistent with the contract, Hamilton Choices placed Wilkins with Discovery for Youth's independent living facility in Hamilton, Ohio. Discovery for Youth is licensed by the Ohio Department of Job and Family Services as a private noncustodial agency pursuant to O.A.C. 5101:2-5-03(D).
 {¶ 3} On March 7, 2003, Wilkins, then 17 years old, assaulted and raped Karen Grantz, who had been tutoring Wilkins in reading at the Butler County YWCA. Grantz was alone with appellant in the basement of the YWCA facility when the attack occurred. Wilkins was arrested and bound over to the Butler County Grand Jury. He was indicted and charged as an adult with felonious assault and rape. Upon pleading no contest to the charges, he was convicted and sentenced accordingly.
 {¶ 4} Appellees, Karen Grantz and her husband, John Grantz, subsequently filed suit alleging appellants negligently supervised and placed Wilkins, and that despite knowledge of Wilkins' prior history of violent sexual behavior, failed to warn her or the YWCA of the danger he posed. Appellees alleged that as a consequence, neither Grantz nor the YWCA appreciated the risk that resulted when Grantz was left alone with Wilkins.
 {¶ 5} Appellees sought discovery of the appellants' records and documents pertaining to Wilkins. The defendants denied the request, asserting that the records were not relevant to the suit and additionally, that Wilkins' juvenile records were confidential and privileged. Appellees moved to compel disclosure of the records. The trial court granted the motion to compel discovery and appellants have appealed.
 {¶ 6} Discovery For Youth's Assignment of Error:
 {¶ 7} "The trial court erred in granting plaintiff's motion to compel disclosure."
 {¶ 8} Choices' and Hamilton County Defendants' Assignment of Error:
 {¶ 9} "The trial court erred when it ordered that confidential juvenile court records and confidential investigation records concerning Wilkins be released to the Grantzes in the prosecution of their civil lawsuit."
 {¶ 10} Because appellants' assignments of error raise similar issues, they will be considered together.
 {¶ 11} Civ.R. 26 establishes the scope of discovery and states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Parties generally should be granted broad leeway in discovering material that may be useful to them in preparing for litigation. See Stegawski v.Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78, 85. The concept of relevancy as it applies to discovery is not limited to the issues in the case, but to the subject matter of the action, which is a broader concept. Nilavar v. Osborn (2000), 137 Ohio App.3d 469, 499;Tschantz v. Ferguson (1994), 97 Ohio App.3d 693, 715. The Civil Rules permit discovery of information so long as it is "reasonably calculated to lead to the discovery of admissible evidence." Civ.R. 26(B)(1).
 {¶ 12} It is well-established that the regulation of discovery is committed to the sound discretion of the trial court and that this regulation will not be disturbed by a reviewing court absent an abuse of discretion. See Dirksing v. Blue Chip Architectural Products, Inc.
(1994), 100 Ohio App.3d 213, 227 (management of discovery process lies within trial court's sound discretion); see, also, State ex rel.Denton v. Bedinghaus, 98 Ohio St.3d 298, 305, 2003-Ohio-861, ¶ 31. Regulation of pretrial discovery matters concerning privilege are also reviewed under an abuse of discretion standard. Radovanic v. Cossler
(2000), 140 Ohio App.3d 208, 213; Witt v. Fairfield Public SchoolDistrict (Apr. 22, 1996), Butler App. No. CA95-10-169. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Bedinghaus at ¶ 31.
 {¶ 13} Appellants first argue that the records sought by appellees may only be obtained upon motion before the Juvenile Division of the Hamilton County Court of Common Pleas. They thus conclude that the trial court was without authority to compel discovery of the confidential juvenile records in the present matter. In support of their contention, appellants cite R.C. 2151.14, which provides that certain individuals or entities may request disclosure of confidential juvenile court and juvenile probation records by filing a motion with the juvenile court. They argue, without authority, that this statute provides the exclusive mechanism by which juvenile court records may be disclosed.
 {¶ 14} R.C. 2151.14 provides a means for specific individuals, including the juvenile's parents, attorney, and guardian ad litem, prosecuting attorney, school board, and juvenile probation department, among others, to obtain disclosure of juvenile records. However, review of relevant case law demonstrates that courts, other than juvenile courts, may order disclosure of juvenile records when pertinent to pending civil and criminal actions.
 {¶ 15} In the criminal context, the United States Supreme Court has acknowledged that under certain circumstances, confidential records of a children's services agency must be made available to a trial court for an in camera inspection. In Pennsylvania v. Ritchie (1987), 480 U.S. 39,107 S.Ct. 989, the United States Supreme Court held that a criminal defendant's right to a fair trial entitled the defendant to an in camera review by the trial court of confidential records in order to determine whether the records contained evidence material to the accused's defense.
 {¶ 16} The Ohio Fifth District Court of Appeals has likewise held that the confidential nature of juvenile records is not absolute, and that such records may be discovered in a criminal proceeding, provided the trial court conducts an in camera review of the records to determine 1) the relevancy and necessity of the records and 2) whether admission of the records outweighs statutory confidentiality provisions. State v.Fuson (Aug. 11, 1998), Knox App. No. 97 CA 000023. The Eighth District Court of Appeals has held that confidential juvenile records are discoverable in an administrative action revoking childcare provider certification. Child Care Provider Certification Department v. Harris,
Cuyahoga App. No. 82966, 2003-Ohio-6500. The Third District Court of Appeals has held that confidential juvenile records are discoverable in a parenting dispute brought in the domestic relations division. See Johnsonv. Johnson (1999), 134 Ohio App.3d 579.
 {¶ 17} Notably, R.C. 1347.08 also provides a mechanism for obtaining confidential juvenile records where, as in the present case, the juvenile has executed a written authorization permitting inspection of his juvenile court records. See Atty.Gen.Ops. 84-6-077. This statute does not permit absolute disclosure of juvenile court records, but requires the trial court to conduct a balancing test to determine whether the records are discoverable. See id.
 {¶ 18} We consequently reject appellants' argument that the only mechanism for obtaining confidential juvenile records lies in a R.C.2151.14 application to the juvenile court. See, also, State v. Hart
(1988), 57 Ohio App.3d 4 (although confidential, juvenile records may nevertheless be discoverable and admissible in certain circumstances).
 {¶ 19} Although the juvenile records at issue are afforded a measure of confidentiality by R.C. 2151.14, R.C. 5153.17 and Juv.R. 32, the confidential nature of such records is not absolute since, as noted above, there exist multiple exceptions to the confidentiality provisions. The proper procedure for determining the discoverability of confidential juvenile records requires the trial court to conduct an in camera inspection to determine: 1) whether the records are necessary and relevant to the pending action; 2) whether good cause has been shown by the person seeking disclosure; and 3) whether their admission outweighs the confidentiality considerations set forth in R.C. 5153 and R.C. 2151.Johnson at 585; see, also, Harris, 2003-Ohio-6500 at ¶ 11.
 {¶ 20} In the present case, the trial court first concluded that appellees demonstrated good cause for their request. The "good cause" determination does not run to the benefit of the agency, but "[i]nstead, the nondisclosure protection runs to the individuals who are the subject of the file. Therefore, the [agency] may not determine that a record is confidential for the purpose of protecting the [agency] itself." 1991 Ohio Atty.Gen.Ops. No. 91-003, at 5, citing Ohio Civil Rights Comm'n. v.Campbell, 46 Ohio App.2d 110. Good cause is generally defined as that which is in the best interest of the juvenile. Id.; Johnson at 585. While appellants aptly point out that the good cause determination should focus on the best interest of the child, not appellees, we agree with the trial court that, in the present case, where the juvenile and his parent have executed waivers permitting appellees to access the records, good cause is demonstrated.
 {¶ 21} We also agree with the trial court's conclusion that "the records in possession of the Defendants concerning [Wilkins'] criminal history * * * are relevant to prove the issues of notice and foreseeability," and that, generally, the admission of the records is not outweighed by statutory confidentiality considerations. The trial court's decision further provides the parties with an opportunity to have any disputed materials reviewed in camera at which time they can argue the relevance of the evidence and factors weighing for or against the statutory confidentiality considerations.
 {¶ 22} We consequently conclude that the trial court did not abuse its discretion and overrule the assignments of error.
 {¶ 23} Judgment affirmed.
Powell, P.J., and Young, J., concur.