**David KEEN, Plaintiff,**

v.

**HANCOCK COUNTY JOB AND FAMILY SERVICES,
Defendant.**

**Case No. 3:08MC55.**

United States District Court,
N.D. Ohio,
Western Division.

Oct. 10, 2008.

Kelley J. Henry, Gretchen L. Swift, Office of the Federal Public Defender, Nashville, TN, for Plaintiff.

Kristen Kaiser Johnson, Mark C. Miller, Office of the Prosecuting Attorney, Hancock County, Findlay, OH, for Defendant.

## ORDER

JAMES G. CARR, Chief Judge.

### Background

The plaintiff, David Keen, has filed a federal habeas corpus petition in the United States District Court for the Middle District of Tennessee. He challenges a sentence of death imposed by a Tennessee state court.

Believing that records in the possession of the defendant Hancock County, Ohio, Job and Family Services Agency [Agency] may contain information about mitigating factors from his childhood, Keen has asked to see any such records. The Agency's Director, who has discretion to decide whether to release Agency records, declines to do so. In any event, the Agency denies that it has any records relating to the plaintiff, though it acknowledges that it may have records relating to Keen's family.

Plaintiff has served a subpoena on the Agency to compel production of any such records. This is an action to enforce that subpoena. For the reasons that follow, I am ordering the Agency to produce rec-

ords covered by the subpoena under seal for *in camera* inspection.

## Discussion

Although neither party addresses this issue, I must first determine whether federal or Ohio law should be applied to determine whether I can inspect the Agency's records *in camera.* .

■ Under Rule 501 of the Federal Rules of Evidence, privilege "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." *Hancock v. Dodson,* 958 F.2d 1367, 1372–1373 (6th Cir.1992). State privilege law is not controlling in federal question cases. *Freed v. Grand Court Lifestyles, Inc.,* 100 F.Supp.2d 610, 612 (S.D.Ohio 1998). This rule applies even when pendent state law claims exist. *Id.* at 1373.

■ Though a federal court may consider state privilege law in a federal question case, it must ultimately follow federal common law, not state law. *Hancock v. Hobbs,* 967 F.2d 462, 467 n. 9 (11th Cir. 1992). To decide whether to recognize Ohio's statutory privilege, a federal court must balance the policy interests served by recognizing the state's privilege against the policy interests served by allowing the claimant to access the requested information. *In re Zuniga,* 714 F.2d 632, 639 (6th Cir.1983).

■ A federal court habeas corpus proceeding, which must be based on allegations of a violation of the federal Constitution or laws, is by its very nature a federal question case. Keen claims that constitutionally inadequate counsel resulted in his capital sentence. He asserts that, had the Agency's records of his mistreatment as a child been obtained and introduced at the state sentencing, the jury would not have returned a capital verdict.

In light of *In re Zuniga, supra,* I must balance Keen's interest in securing a full and fair federal review of the constitutionality of his death sentence with Ohio's interest in familial privacy. The Agency relies on O.R.C. § 5153.17 and Ohio Admin. Code § 5101:2–34–38 in opposing the subpoena.

Section 5153.17 states that "records shall be confidential but ... shall be open to inspection by the agency, the director of job and family services, and the director of the county department of job and family services, and by other persons upon the written permission of the executive director." Section 5101:2–34–38(E)(3)(c) authorizes the Agency's Director to release Agency records when such release is believed to be in the best interest of a "child who is an alleged perpetrator."

The Agency also acknowledges that the Director can release the records to a court for *in camera* inspection. It notes, though, that Keen wants release directly to him, rather than to this Court for such inspection. The Agency also asserts that the circumstances of this case preclude even such limited release.

In the Agency's view, release even for *in camera* inspection must be based on "good cause." Such cause, the Agency states, citing *Johnson v. Johnson,* 134 Ohio App.3d 579, 731 N.E.2d 1144 (1999), relates only to considerations of a child's welfare.

■ I do not accept the contention that my authority to order production for *in camera* review is circumscribed by Ohio law. I reach this conclusion on the basis of the Supreme Court's decision in *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987).

In that case, the Court, considering the a Pennsylvania statute similar to the statute at issue in this case, held that that a child welfare agency had to produce statements made by a child to the agency over

for *in camera* review to determine the materiality of such records. *Id.* at 60, 107 S.Ct. 989.

The Court also stated in *Ritchie*, however, that a defendant may not require the trial court to search through confidential records "without first establishing a basis for his claim that it contains material evidence." *Id.* at 58, n. 15, 107 S.Ct. 989. A defendant "must at least make some plausible showing of how their testimony would have been both material and favorable to his defense." *U.S. v. Valenzuela–Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982).

Keen claims that the records contain evidence on his childhood development, such as being diagnosed with fetal alcohol syndrome. If so, as might be shown by records of alcoholism on the part of Keen's mother, even in the absence of any records directly relating to him, such records may contain some pertinent material favorable to a plea in mitigation.

The Agency shall, therefore, produce all records responsive to the subpoena for *in camera* inspection to determine, first, whether there are any records of the circumstances of his childhood that might bear on mitigation at a capital sentencing proceeding. If so, I will then determine whether the confidentiality considerations underlying *O.R.C. § 5153.17* outweigh the reasons for releasing the records to his habeas counsel.

It is, therefore,

ORDERED THAT the defendant shall produce all records responsive to the subpoena without unnecessary delay under seal for *in camera* inspection by the undersigned.

So ordered.