[Cite as *Conrad v. Richland Cty. Children Servs.*, 2012-Ohio-3871.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| JERRY CONRAD | : | W. Scott Gwin, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 2011 CA 124 |
| | : | |
| | : | |
| RICHLAND COUNTY CHILDREN | : | O P I N I O N |
| SERVICES | | |
| | | |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:        Civil Appeal from Richland County
Court of Common Pleas Case No.
2011 CV 0162

JUDGMENT:        Affirmed In Part, Reversed In Part

DATE OF JUDGMENT ENTRY:        August 22, 2012

APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

WILLARD E. BARTEL                   MARK LANDES
GEOFFREY HICKEY                   MATTHEW S. TEETOR
Miller, Stillman & Bartel                 Isaac, Brant, Ledman &
The Hanna Building                  Teetor, LLP
1422 Euclid Avenue, Suite 800         250 East Broad Street, Suite 900
Cleveland, Ohio 44115               Columbus, Ohio 43215

*Edwards, J.*

**{¶1}** Appellant, Richland County Children Services, appeals a judgment of the Richland County Common Pleas Court ordering it to disclose documents to appellees Jerry and Madison Conrad.

## STATEMENT OF FACTS AND CASE

**{¶2}** On August 27, 2008, Madison Conrad, the four-year-old daughter of appellee, Jerry Conrad, was a passenger in an automobile driven by her mother, Christine Conrad. Christine's car travelled left of center, crashing head-on into another vehicle. The crash left Madison paralyzed from the waist down.

**{¶3}** Appellees brought the instant action, alleging that appellant had received numerous warnings that Christine had a history of abusing drugs and/or alcohol while caring for Madison and of operating a vehicle while under the influence with Madison as a passenger. Appellees named appellant and the John/Jane Doe employees of appellant as defendants in the action, alleging negligence and wanton, willful and reckless misconduct. Appellees filed a request for documents, seeking records of all complaints made against Christine related to the safety of Madison. Appellees also sought to identify the employees involved in the investigation through the records in the possession of appellant.

**{¶4}** Appellant refused to provide the requested documents, arguing they were confidential pursuant to R.C. 2151.421, R.C. 5101.131 and R.C. 5153.17. Appellant filed a motion for a protective order and a motion to dismiss. The trial court found appellant to be immune from the instant suit, but found that appellees could maintain their claim of recklessness against the John/Jane Doe defendants, employees of

appellant. The trial court also found that good cause as defined by the best interests of Madison favored disclosure. The court ordered appellant to deliver the files to the judge's office on October 31, 2011. The court conducted an in camera inspection to determine if the relevancy outweighed the confidentiality concerns. Following an in camera inspection, the trial court determined that appellees were entitled to discovery of documents relating to Christine Conrad and generated prior to the August 27, 2008, accident. The court divided the material into three envelopes: documents previously produced to appellees, documents discoverable by appellees, and documents not discoverable by appellees. Appellant has appealed, assigning the following errors:

{¶5} "I. MR. CONRAD HAS FAILED TO ESTABLISH THAT HE FALLS UNDER ANY OF THE ENUMERATED EXCEPTIONS OF R.C. § 5153.17 TO GENERAL CONFIDENTIALITY PLACED ON THE DOCUMENTS HE SEEKS.

{¶6} "II. MR. CONRAD HAS FAILED TO ESTABLISH THAT HE QUALIFIES UNDER THE 'GOOD CAUSE' EXCEPTION BASED ON THE CIRCUMSTANCES OF THIS INSTANT ACTION.

{¶7} "III. MR. CONRAD'S DISCOVERY DEMANDS TO RCCS ARE NO LONGER VALID UNDER THE OHIO RULES OF CIVIL PROCEDURE.

{¶8} "IV. THE CONFIDENTIALITY REQUIREMENTS OF R.C. § 5153.17 ARE RENDERED MEANINGLESS IF THE TRIAL COURT'S DECISION IS AFFIRMED."

I

{¶9} In its first assignment of error, appellant argues that requested documents are confidential and appellees have failed to establish that they are entitled to discovery of those documents under one of the statutorily-enumerated exceptions.

{¶10} R.C. 2151.421(H)(1) provides for confidentiality of certain documents:

{¶11} "(H)(1) Except as provided in divisions (H)(4) and (N) of this section, a report made under this section is confidential. The information provided in a report made pursuant to this section and the name of the person who made the report shall not be released for use, and shall not be used, as evidence in any civil action or proceeding brought against the person who made the report. Nothing in this division shall preclude the use of reports of other incidents of known or suspected abuse or neglect in a civil action or proceeding brought pursuant to division (M) of this section against a person who is alleged to have violated division (A)(1) of this section, provided that any information in a report that would identify the child who is the subject of the report or the maker of the report, if the maker of the report is not the defendant or an agent or employee of the defendant, has been redacted. In a criminal proceeding, the report is admissible in evidence in accordance with the Rules of Evidence and is subject to discovery in accordance with the Rules of Criminal Procedure."

{¶12} However, R.C. 5153.17 allows disclosure of such documents under certain circumstances:

{¶13} "The public children services agency shall prepare and keep written records of investigations of families, children, and foster homes, and of the care, training, and treatment afforded children, and shall prepare and keep such other records as are required by the department of job and family services. Such records shall be confidential, but, except as provided by division (B) of section 3107.17 of the Revised Code, shall be open to inspection by the agency, the director of job and family services,

and the director of the county department of job and family services, and by other persons upon the written permission of the executive director."

{¶14} Appellant argues that the court erred in allowing discovery of the requested documents upon a showing of good cause because there is no provision for such an exception in the statute.

{¶15} This Court has recognized that the confidentiality promised by R.C. 5153.17 is not absolute. *State v. Fuson*, 5th Dist. No. 97CA000023, 1998 WL 518259 (August 11, 1998), citing *State, ex rel. Renfro v. Cuyahoga County Department of Human Services*, 54 Ohio St.3d 25, 560 N.E.2d 230 (1990).

{¶16} In *Johnson v. Johnson*, 134 Ohio App.3d 579, 731 N.E.2d 1144 (1999), the Third District Court of Appeals noted that while pursuant to R.C. 5153.17, a children's services agency has a duty to keep child abuse records confidential, this confidentiality is not absolute. *Id*. at 583. The court noted that pursuant to 1991 Ohio Atty. Gen. Ops. No 91-003, access to such records will only be granted by the executive secretary upon a showing of good cause, defined as when it is in the best interests of the child or when the due process rights of other subjects of the record are implicated. *Id*.

{¶17} The *Johnson* court went on to recognize that case law has established several exceptions to the confidentiality requirements set forth in R.C. 2151.421(H)(1) and R.C. 5153.17. The United States Supreme Court recognized that under certain circumstances, records of a children's services agency must be made available to the court for in camera inspection when a criminal defendant's right to a fair trial is at stake. Id. at 583-584, citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.E.2d 40

(1987). The *Johnson* court went on to cite our opinion in *Fuson*, supra, as well as the 11th District's opinion in *Davis v. Trumbull Cty. Children Serv. Bd.,* 24 Ohio App.3d 180, 184, 493 N.E.2d 1011 (1985) and the Ohio Supreme Court's opinion in *Renfro*, supra, to support the proposition that the confidentiality requirements are not absolute, and the confidentiality requirements may be overridden by more compelling reasons favoring disclosure, such as protecting the health and welfare of a child. *Johnson* at 584-585. The court concluded:

**{¶18}** "For the aforementioned reasons, we find that a court may conduct an *in camera* inspection of child-abuse records or reports and also has the *inherent power* to order disclosure of such records or reports where (1) the records or reports are relevant to the pending action, (2) good cause for such a request has been established by the person seeking disclosure, and (3) where admission of the records or reports outweighs the confidentiality considerations set forth in R.C. 5153.17 and R.C. 2151.421(H)(1). 'Good cause' is defined as that which is in the *best interest* of the child." *Id*. at 585.

**{¶19}** We agree with the reasoning of the *Johnson* court that case law has carved out a "good cause" exception to the confidentiality requirements set forth in the statute and the trial court did not err as a matter of law in applying this exception despite the fact that it is not specifically set forth in the statute.

**{¶20}** The first assignment of error is overruled.

II

**{¶21}** Appellant argues that the court erred in finding that appellees established good cause for disclosure of the requested documents.

{¶22} Appellant first argues that the court made no finding of good cause for disclosure. This claim is without merit. The court specifically stated in its October 18, 2011, judgment entry, "'Good cause' as defined by the best interests of Madison Conrad favors disclosure."

{¶23} As to disclosure of the names of the persons making the reports, we find appellees have not demonstrated good cause. Appellees' interest in obtaining the documents lies in determining when and how many reports were made to RCCS and which employees of appellant were involved in the investigation of the complaints concerning Christine Conrad and what actions they took or failed to take in regard to the complaints they received. The names of the persons making the complaints are only marginally relevant to appellees' case. Strong public policy considerations favor the confidentiality of the names of persons making reports of neglect or abuse of children, and this case, at this point in time, has not produced justification to override those considerations with regard to the names of the persons reporting concerns about Christine Conrad's care of Madison.

{¶24} However, the court did not err in determining that good cause favored disclosure of the documents concerning the complaints made prior to the accident, if the court, at this point in time, redacts the names of the persons making said complaints. Madison was paralyzed from the waist down as a result of the accident and confined to a wheelchair. She was only four years old at the time of the accident and faces a lifetime of medical care and expenses as a result of the serious injuries she sustained in the accident. The best interests of the child favor disclosure of the information in appellant's possession regarding the complaints appellant received against Christine

Conrad and how such complaints were handled to determine if, in fact, appellant's employees acted recklessly and are liable to appellees.

**{¶25}** The second assignment of error is sustained as to the information concerning the names of the persons who made complaints against Christine Conrad. As to all other information the trial court deemed discoverable, the assignment of error is overruled.

III

**{¶26}** Appellant next argues that it is not subject to any discovery orders of the court because it has been dismissed from the action.

**{¶27}** The trial court's October 18, 2011, order specifically states, "While RCCS is immune from plaintiff's complaint, final judgment has not been entered for RCCS and it is still subject to discovery orders."

**{¶28}** The third assignment of error is overruled.

IV

**{¶29}** Appellant argues that the court's judgment renders R.C. 5153.17 and R.C. 2151.421(H)(1) meaningless. We disagree. The court's ruling is limited to the instant case, where the appellees have made a showing of good cause for disclosure and the court has conducted an in camera inspection to determine which documents should be released in the best interests of the child and which should not be released. This holding does not render such material discoverable in every case. A determination must be made on a case by case basis.

**{¶30}** The fourth assignment of error is overruled.

{¶31} The judgment of the Richland County Common Pleas Court is reversed only as to the disclosure of the identity of the persons who made complaints to appellant concerning Christine Conrad.  In all other respects, the judgment is affirmed.  This cause is remanded with instructions to redact the names of the complainants before releasing the documents to appellees.  Costs to appellant.


By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/r0607

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

JERRY CONRAD                                  :
                                              :
            Plaintiff-Appellee                :
                                              :
                                              :
-vs-                                          :        JUDGMENT ENTRY
                                              :
RICHLAND COUNTY CHILDREN                      :
SERVICES                                      :
                                              :
            Defendant-Appellant               :        CASE NO. 2011 CA 124


        For the reasons stated in our accompanying Memorandum-Opinion on file, the

judgment of the Richland County Court of Common Pleas is reversed only as to the

disclosure of the identity of the persons who made complaints to appellant concerning

Christine Conrad.   In all other respects, the judgment is affirmed.   This cause is

remanded with instructions to redact the names of the complainants before releasing

the documents to appellees.  Costs assessed to appellant.


                                        _____


                                        _____


                                        _____

                                                        JUDGES