[Cite as *In re S.P.*, 2024-Ohio-3405.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE S.P., ET AL.       :

:       Nos. 113647 and 113993

Minor Children       :

:

[Appeal by CCDCFS]       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** September 5, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD23914206, AD24903137, AD24903138, AD24903139, and
AD24903140

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Britta Barthol, Assistant Public Defender, *for appellees.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Cuyahoga County Division of Children and Family Services ("CCDCFS") brings the instant interlocutory appeal challenging the trial court's identical decisions in two separate child custody matters ordering CCDCFS to disclose confidential records to opposing counsel without first reviewing the records

in camera.  Appellees concede the error, and as such, this court vacates the decision of the trial court and remands for the trial court to perform an in camera review of the confidential records.

{¶ 2} The factual history is of no consequence to the instant appeal.  Both cases involve child custody cases that are only in the discovery phase.  In both cases, CCDCFS filed a motion for in camera review of confidential records and asked the trial court to determine whether exculpatory evidence that is material to the defense exists before providing that information to the defense.  In both cases, a magistrate reviewed the motions and denied them, instead ordering CCDCFS to "comply with Juvenile Rule 24" and "disclose to Opposing Counsel any exculpatory or contradictory evidence, contained in but not limited to, the [CCDCFS] Caseworker's File that would be beneficial to the opposing party's defense," and to "redact any confidential referent information to resolve any concern made by Counsel for [CCDCFS]."

{¶ 3} In both matters, CCDCFS filed a motion to set aside that portion of the magistrate's order, arguing that the trial court is *required* to conduct an in camera review of CCDCFS's records prior to ordering their disclosure.  The trial court denied the motions to set aside the respective portions of the magistrate's order, and CCDCFS filed the instant appeals, which were consolidated for review based on the identical issue presented in both.  CCDCFS assigns the following error for our review:

The trial court erred as a matter of law by ordering CCDCFS to disclose confidential agency records to opposing counsel without first reviewing said records in camera as is required by law.

{¶ 4} Civ.R. 26(B)(1) provides that discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Juv.R. 24(A) provides that the parties providing discovery when requested shall "to the extent not privileged, produce promptly for inspection, copying, or photographing the . . . information, documents, and material in that party's custody, control, or possession[.]"

{¶ 5} In this appeal, the discovery specifically pertained to caseworker files kept by CCDCFS, nearly all of which are deemed "confidential" pursuant to the following relevant statutory sections. R.C. 5153.17 provides that records "of investigation of families, children, and foster homes, and of the care, training and treatment afforded children [and] other records as are required by the department of job and family services. . .*shall be confidential.*" (Emphasis added.) R.C. 5101.131 provides that information contained in the SACWIS system utilized by CCDCFS to store its case management files "is confidential. . . ." R.C. 2151.421, that governs reports of child abuse or neglect, provides, with some exceptions, that "[a] report made under this section is confidential" and that "no person shall permit or encourage the unauthorized dissemination of the contents of any report made under this section." R.C. 2151.421(I)(1); 2151.421(I)(2)(a).

{¶ 6} It is undisputed, however, that this confidentiality is not absolute. *See Vaughan v. Shaker Hts.*, 2013 U.S. Dist. LEXIS 106449 at 11 (N.D. Ohio July 30,

2013) (collecting cases). To this end, numerous Ohio courts have acknowledged that, where appropriate, the records must be made available to the trial court for an in camera inspection before they are disclosed. *Vaughan* at *id.*

{¶ 7} In particular, this court's precedent mandates the use of

> an in camera examination of the agency records to determine whether: (1) the records are relevant and necessary to the pending action (2) whether the individual seeking disclosure has demonstrated good cause; and (3) whether admission of the records outweighs the statutory confidentiality considerations.

*State v. McCutchen*, 2023-Ohio-368, ¶ 36 (8th Dist.), citing *In re C.A.*, 2015-Ohio-4768, ¶ 80 (8th Dist.); *State v. Sahady*, 2004-Ohio-3481, ¶ 29 (8th Dist.); *Child Care Provider Certification Dept. v. Harris*, 2003-Ohio-6500, ¶ 11-13 (8th Dist.); *Johnson v. Johnson*, 134 Ohio App.3d 579, 585 (3d Dist. 1999).

{¶ 8} "Good cause" requires the trial court to consider whether the due process rights of the accused are implicated, whether it is in the best interest of the child, and whether the records are material to the defense or fair trial considerations are at stake. *Johnson* at 583.

{¶ 9} As this court has previously stated, "where, as here, a request is made for confidential documents that may contain information material to the defense of an accused, the trial court must balance the due process rights of an accused against the privacy rights at issue" and this requires the trial court to "examine the documents, in camera, to determine if they contain evidence material to the defense of the accused." *In re C.A.* at *id.*

{¶ 10} Here, the trial court refused to review records that are confidential pursuant to the cited statutes herein. This was error, as the appellees concede based on the precedent of this court that requires an in camera review when confidential records are at issue in child custody matters.

{¶ 11} Accordingly, this court vacates the judgment entries of the court denying such review and the portions of the entries ordering disclosure of the confidential documents without review. We remand for the trial court to conduct an in camera inspection of the documents pursuant to the guidance in this opinion, and then make a determination as to whether any of the documents require disclosure to appellees.

{¶ 12} Judgment vacated and remanded.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

LISA B. FORBES, P.J., and
SEAN C. GALLAGHER, J., CONCUR